DOWELL and Another *v.* RICHARDSON.

A motion to dismiss a suit brought by a non-resident for want of a bond for security of costs, should be overruled upon the filing of a sufficient bond by the plaintiff.

In an action before a justice of the peace, for the recovery of personal property, the complaint must allege, that the property sought to be recovered, has not been taken by virtue of an execution, or other writ, &c.; must be verified by affirmation, or affidavit; and a bond must be filed before the writ issues; otherwise the Court has no jurisdiction of the cause.

A verdict in favor of the plaintiff, in replevin, is bad for uncertainty, if the Court cannot determine from it what property the jury intended to find belonged to him.

APPEAL from the *Rush* Court of Common Pleas.

HANNA, J.—This was an action commenced by the appellee against the appellants, before a justice of the peace, to recover possession of four hogs. Objection, in the form of a demurrer, was taken, to the sufficiency of the complaint before the justice. Trial and judgment for plaintiff for a part of the property. Appeal to the Common Pleas Court. Motion by the defendants to dismiss for failure by the plaintiff to file with the justice security for costs —said plaintiff being a non-resident; whereupon, on motion of plaintiff, he had leave to, and did, file a bond for costs, and thereupon the motion to dismiss was overruled; which ruling is assigned as error:

The defendants then, the record states, "renewed their motion, which was made by demurrer before the justice of the peace, for the dismissal of said cause because said complaint and affidavit did not contain facts sufficient to constitute a cause of action. Motion overruled. Trial by a jury, and verdict as follows: "We the jury find that two (2) of the four hogs replevied were the property of the plaintiff, and that their value was proved to be 19 dollars; and that two (2) of the hogs replevied were the property of the defendant, and their value, as proved, was 18 dollars. We further find for the plaintiff and assess his damages at one cent." A motion to set aside the verdict and grant a new

trial was overruled; and also a motion in arrest of judgment.

The evidence is not in the record. The refusal of the Court to give certain instructions asked by defendants, is excepted to and assigned as error. The judgment is as follows:

" It is therefore considered by the Court that the plaintiff do recover the spotted sow and sandy barrow, valued at 19 dollars; and that the other two hogs, valued at 18 dollars, not proven, be returned to said defendants, and that the said plaintiff also recover the sum of one cent, his damages, together with costs," &c.

The appellants insist that the complaint is insufficient, the verdict too uncertain, and the judgment unauthorized.

Upon the bond for costs being filed, the motion to dismiss for want of security for costs was properly overruled. *Lemon* v. *Temple et al.*, 7 Ind. R. 556.—2 R. S. p. 127.

As to the question of the sufficiency of the complaint, it does not contain an allegation that the property had not been taken by virtue of any execution or other writ, &c., nor is it verified by affidavit. And the appellants therefore insist that the ruling of the Court was erroneous upon that point. No bond was filed, and it is argued that until one was filed the Court had no jurisdiction to issue a writ, &c.

The statute (2 R. S. p. 464, § 71) regulating proceedings in such cases before a justice, appears to require that the complaint should contain such averment, and be verified by affidavit, and that a bond should be filed. It is in some respects different from that regulating such proceedings in the Circuit Court, &c. *Id.* p. 54. There was a somewhat analogous difference in the mode of proceeding, in the two Courts, provided for in the statute of 1843, pp. 698, 896, which was recognized and sustained by this Court in the case of *Bringhurst* v. *Pollard et al.*, 6 Ind. R. 452. Following that case, the objection was well taken, and should have been sustained.

The verdict is too uncertain. The evidence not being in the record, it is impossible to determine which of the

four hogs the jury intended to find belonged to the plaintiff. Nor do we decide that if the evidence was in the record, the Court could look to it to determine the application of the verdict. That question is not before us.

If the judgment had followed the verdict it could not have been executed because of its vagueness and uncertainty. The Court, in applying the verdict to the two animals designated in the judgment, may or may not have met the intention of the jury.

*Per Curiam.*—The judgment is reversed with costs.

*A. W. Hubbard* and *L. Sexton,* for the appellants.