BRINGHURST *v.* POLLARD and Another.

In an affidavit for a writ of replevin, before a justice of the peace, under the R. S. 1843, it was not necessary to allege that the property sought to be replevied had not been taken for any tax or assessment against the plaintiff, nor seized under any execution or attachment against his goods.

*Wednesday,*
*June 13.*

APPEAL from the *Cass* Circuit Court.

DAVISON, J.—*Pollard* and *Wilson* sued *Bringhurst* in replevin, before a justice of the peace. The affidavit which preceded the commencement of the suit, states that *Bringhurst* wrongfully took and unlawfully detained from the plaintiffs, in the county of *Cass,* one sack of *Rio* coffee, being their personal goods, &c.

Before the justice there was a motion to dismiss the suit, for want of a sufficient affidavit. This motion was denied, and judgment given for the plaintiffs. The defendant appealed, and in the Circuit Court renewed the motion to dismiss, which was overruled, and a similar judgment rendered.

The objection to the affidavit raises the only question in the case. The appellant says that it is defective, there being no averment that the property sought to be replevied had not been taken from the plaintiffs for any tax or assessment, nor seized under any execution or attachment against their goods. Without such averment in the affidavit, it is very clear that no writ of replevin could, in a case like this, have properly issued from the Circuit Court. R. S. 1843, c. 40, s. 165. And if this section was the only provision on the subject, it would be difficult to sustain the ruling of the Court. But the same revision contains an article which relates exclusively to proceedings before justices in actions of replevin. *Id.,* art. 11, c. 47. The affidavit before us is strictly within the requirements of the latter enactment, and must therefore be deemed sufficient.

STUART, J., having been concerned as counsel, was absent.

*Per Curiam.*—The judgment is affirmed with costs.

*W. Z. Stuart,* for the appellant.

*D. D. Pratt,* for the appellees.