## DEARDORFF *v.* ULMER.

REPLEVIN.—*Justice of the Peace.*—*Bond.*—In an action of replevin commenced, before a justice of the peace, if the bond filed by the plaintiff, be for a sum less than double the value of the goods as stated in the verified complaint, the justice has no jurisdiction of the action; and on appeal to the court of common pleas such defect of the bond constitutes good ground for a motion by the defendant to dismiss the action, or to arrest the judgment.

APPEAL from the Knox Common Pleas.

BUSKIRK, J.—This was an action to recover the possession of two cows, commenced by the appellee against the appellant, before a justice of the peace. The appellant appeared before the justice, and moved to dismiss the suit, for the reason that there was no valid and legal bond filed by the plaintiff, before the writ was issued. The motion was overruled. There was a trial before the justice, resulting in a finding and judgment for the plaintiff. The defendant appealed to the common pleas court, in which court he renewed his motion to dismiss the action, because there was no such bond as was required by the statute. The motion was overruled, and an exception taken to such ruling. There was a trial by jury; verdict for plaintiff; motion for a new trial made and overruled, and an exception. The appellant then moved in arrest of the judgment, which motion was overruled, to which ruling the appellant excepted.

The appellant has assigned and argued two errors. The

first is, the refusal of the court to dismiss the action in consequence of the insufficiency of the bond; and the second is, the action of the court in overruling the motion in arrest of judgment. Both motions were based upon the insufficiency of the bond, and the only question presented for our decision is as to the validity of the bond. The only objection urged to the bond is, that.it is in the penal sum of one hundred dollars, and not in double the value of the property replevied. The affidavit charges the property to be worth seventy dollars, and the court found that the two cows were of the value of seventy dollars.

This action is based upon section seventy-one of the jutice's act, 2 G. & H. 598. This section reads as follows : " Whenever any plaintiff shall, by complaint in writing, verified by affidavit, set forth that his personal goods, not exceeding in value one hundred dollars, have been wrongfully taken, or are unlawfully detained by any other person, specifically describing such property, giving the value thereof, and alleging that the same has not been taken by virtue of any execution or other writ againt him, or if so taken, that the same is exempt from execution by virtue of the laws of this State, and claiming damages for the detention or taking the same, not exceeding one hundred dollars in addition, and shall file with such justice a bond with surety, to be approved by such justice, and payable to the defendant *in a sum double the value of such goods,* conditioned that he will prosecute such complaint to effect, and return such goods to such defendant, if judgment of return be awarded to him, and pay all damages awarded such defendant, *the justice shall issue to some constable of the county* his writ, commanding him to take the property described and deliver it forthwith to such plaintiff, and that he summon said defendant to appear at a time and place therein named before such justice to answer such complaint."

It seems quite clear to us, that the filing of the complaint in writing, and verified by affidavit, and the bond as required in the above section are necessary to confer jurisdiction upon

the justice; and until these things have been done, the justice possesses no power to issue the writ; and if a writ were issued without a complaint or a bond, it would be illegal, and would constitute a good and sufficient cause for the dismissal of the action. The object of the statute is to secure the defendant, in an action of replevin, in, either a return of the property, or compensation therefor, if a return should be awarded, and also in the payment of the costs and damages. The *validity* of the bond depends upon whether it conforms substantially to the requirements of the statute. The above section in plain and express terms provides that the bond shall be " payable to the defendant in a sum double the value of the goods." The complaint alleged that the cows were of the value of seventy dollars. The bond should have been in a sum double the alleged value. It is not necessary for us to decide, and we do not decide, whether the bond in the case under consideration is absolutely void because it is not in a sum double the value of the property described in the complaint; but, conceding that a recovery could be had to the amount of one hundred dollars, it was insufficient to secure the defendant, if the cause had been decided in his favor. It is a well settled rule, that courts of inferior and limited jurisdiction possess no power or authority except such are conferred by the statutes, and they must be strictly followed, or their acts will be illegal and void, unless the defect is waived by the defendant. The only safe course for a justice of the peace is, to read for himself the statute, and then to strictly pursue its requirements. If this were done, litigants would be saved from paying immense sums in costs, and the courts from correcting their errors. But many of our justices are too much disposed to blindly follow some form, which may have been prepared for a different law and to suit a different state of facts. The laws are frequently changed by our legislature, while our books of forms remain unchanged.

We are of opinion that the court below erred in overruling the motions to dismiss, and in arrest of judgment.

The judgment is reversed, with costs, and the cause remanded, with directions to the court below to arrest the judgment:

*J. C. Denny* and *G. G. Reiley*, for appellant.