## BUGLE v. MYERS.

REPLEVIN.—*Bond.*—*Motion in Arrest.*—The insufficiency of a bond, given by the plaintiff at the commencement of an action of replevin before a justice of the peace, is not reached by a motion in arrest of judgment, on appeal.

SAME.—*Form of Replevin Bond before Justice.*—A bond in replevin, before a justice of the peace, instead of being "in a sum double the value of such goods," was in the form prescribed for an undertaking in replevin, in the circuit court.

*Held,* that, under section 790 of the code, said bond was not insufficient.

From the Tippecanoe Circuit Court.

*G. O. Behm, J. Park* and *A. O. Behm,* for appellant.

*E. A. Greenlee,* for appellee.

PERKINS, J.—Replevin before a justice, for a picture, of the value of twenty-five dollars. The picture was taken by the officer and delivered to the plaintiff.

Judgment for the plaintiff before the justice, and in the circuit court, on appeal.

On appeal to this court, but one error is assigned, viz.: that the circuit court erred in overruling the motion there made in arrest of judgment; and the only ground presented in the brief of counsel, on which it is claimed that that motion should have prevailed, is, that the bond given on the commencement of the replevin suit is insufficient. This defect, if it exists, is not reached by motion in arrest of judgment.

No error is assigned, as has been intimated, on any other ruling of the court, and the motion in arrest did not reach error in other rulings made in this case.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

PERKINS, J.—We give a brief history of the case.

On the 14th day of October, 1875, this action was commenced. The following is a copy of the bond executed :

"We undertake that the plaintiff, Agatha Myers, shall prosecute this action with effect and without delay, and return the property in controversy to the defendant, if a return be adjudged by the court, and pay to him all such sums of money as he may recover against the plaintiff in this action for any cause whatever.

" AGATHA MYERS,<br>" JOHN DUFFIN."

This bond was approved by Edward T. Jencks, J. P.

No objection appears by the transcript to have been made to the bond before the justice, and it is not shown by any bill of exceptions, that objection was made to it in the circuit court orally, and no written motion was there filed touching the matter.

No written motion in arrest of judgment was made, and no bill of exceptions shows that an oral motion was filed.

The statute on the subject of the bond in replevin before a justice of the peace provides for filing one "in a sum double the value of such goods." 2 R. S. 1876, p. 628.

In replevin in the circuit court, the statute provides for a written undertaking that the plaintiff will prosecute his action with effect, etc., and pay, etc.; just precisely such an instrument as was given before the justice in this case, naming no penalty. And in 2 R. S. 1876, p. 311, is the following:

" Sec. 790. No official bond entered into by any officer, nor any bond, recognizance or written undertaking taken by any officer in the discharge of the duties of his office, shall be void for want of form of substance, or recital, or condition, nor the principal or surety be discharged; but the principal and surety shall be bound by such bond, recognizance or written undertaking, to the full extent contemplated by the law requiring the same, and the sureties to the amount specified in the bond or recognizance. In all actions on a defective bond, recognizance or written undertaking, the plaintiff or relator

may suggest the defect in his complaint, and recover to the same extent as if such bond, recognizance or written undertaking were perfect in all respects."

The operation of this section was to make the undertaking filed in this case a good and sufficient bond. And the object of it was to save these legal instruments from invalidity on account of the defects mentioned. The bond, in this case, did not subject the action to a motion to dismiss.

The petition for a rehearing is overruled.