■ Niblack, J.
— Lord N. Trueblood, as the administrator of the estate of Leonard Trueblood, deceased, commenced! this action, before a justice of the peace, against Thomas E. Knox and Elias O. George, upon a replevin bond.
There was no appearance to the action by George, and it is not shown that he was served with process. Upon an appeal to the circuit court the cause was tried by the court, the result being a finding and judgment for the defendant, !pinox.
, Error is assigned upon the overruling of the appellant’s-motion for a new trial, based upon the alleged insufficiency *311 of the evidence to sustain the finding of the court. The evidence, as to some points in the case, was not very full and satisfactory, but it was made substantially to appear that, in February, 1875, one Lavina Trueblood brought an action of replevin against the appellant, before a justice of the peace, to recover the possession of a two-horse wagon and a double set of harness, which were claimed and held by the appellant, as the administrator of the estate of the said 'Leonard Trueblood,-deceased; that, in order to obtain the issuance of a writ for the possession of the property, Knox and George executed the bond sued on in this action, on behalf of the said Lavina; that, upon a trial before the justice, the said Lavina recovered a judgment for the possession of the property sued for by her; that, soon afterward, Knox, as the agent of the said Lavina, sold the wagon and harness in controversy to one Armstrong, for the sum of fifty dollars, and that the wagon and harness were taken to the State of of Illinois; that, after the property had been thus sold to' Armstrong, the appellant in this action appealed the replevin suit to the circuit court, where afterward, on the motion of the said Lavina, it was dismissed without a trial in that court.
We have no brief from the appellee, and hence no ¿rgument in support of the proceedings below, but the appellant informs us that the bond in suit was held to be void, because the. penalty named in it was less than double the value of the property the return of which it was given to secui’e. Upon the authority of the case of Deardorff v. Ulmer, 34 Ind. 353, that was an objection to the bond which the defendant in the replevin suit might have urged as a cause for the dismissal of the action before going to trial, but it by no means follows that such an objection could be set up as a defence in a suit upon the bond. On the contrary, upon every principle of fair dealing and of reciprocal obligation, the appellee was precluded from setting up the' insufficiency of the penalty of the bond as a defence, after *312 the writ of replevin had been issued, and the possession of the property obtained upon it. Caffrey v. Dudgeon, 38 Ind. 512.
We are of the opinion that, upon the evidence adduced, the finding of the court ought to have been for the appellant. Wiseman v. Lynn, 39 Ind. 250 ; Tyler v. Bowlus, 54 Ind. 333.
The judgment is reversed, with costs, and the cause remanded for a new trial.