No. 7642.

## CARVER *v.* CARVER ET AL.

REPLEVIN.—*Bond.*—*Justice of the Peace.*—It is no defence to an action upon a replevin bond, given in proceedings before a justice, that the penalty of such bond was not double the value of the property sought to be recovered.

SAME.—*Recitals.*—*Estoppel.*—In such case, where the penalty is fixed at double the recited value of the property, the obligors are estopped to allege and prove that a sufficient penalty was not provided.

From the Madison Circuit Court.

*H. D. Thompson* and *W. March,* for appellant.

*M. S. Robinson* and *J. W. Lovett,* for appellees.

ELLIOTT, C. J.—Appellant was the plaintiff below. The complaint is founded upon a bond given by the appellees in replevin proceedings, instituted by one of them before a justice of the peace.

The second paragraph of the appellees' answer alleges that the bond sued on was not in a penalty double the value of the property described in the complaint filed in the replevin proceedings before the justice; that it was for that

reason void, and that the justice had no jurisdiction to issue the writ upon which the personal property described in the said complaint was seized. A demurrer was overruled to this paragraph.

Appellees rely upon the case of *Deardorff* v. *Ulmer*, 34 Ind. 353, as sustaining the ruling declaring the answer under mention to be sufficient. The case cited does hold that the bond given in proceedings of replevin before justices of the peace must be in a penalty double the value of the property described in the complaint, or the justice will not have any jurisdiction of the action. It was also held that the fact that the penalty of the bond was less than double the value of the property constituted a sufficient ground for dismissing the proceedings. In that case the court, however, expressly refused to pass upon the question whether the bond was or was not void, saying, "It is not necessary for us to decide, and we do not decide, whether the bond in the case under consideration is absolutely void because it is not in a sum double the value of the property described in the complaint." The precise question which we have now in hand was, therefore, not decided by the case so confidently relied upon by the appellees. Later cases do decide the question. In *Bugle* v. *Myers*, 59 Ind. 73, it was held that a bond given in replevin proceedings before a justice of the peace was not void although not in a penalty double the value of the property described in the complaint. The case of *Trueblood* v. *Knox*, 73 Ind. 310, is directly in point. It was there held that the fact, that the penalty of such a bond was not double the value of the property described in the complaint, did not constitute a defence to an action against the obligors in such bond.

The principal obligor tendered the bond in suit to the justice as being such as the law required, and thus secured the writ which put him in possession of the personal property of another. The plainest principles of justice require that

neither he nor his sureties should be permitted to defend against the bond upon the ground that a sufficient penalty was not provided. To permit such a defence would be to allow the party to take advantage of his own wrong in carelessly or purposely failing to file a sufficient bond. There can be no doubt that the case is one to which the doctrine of estoppel fully and justly applies.

It was held in *Wiseman* v. *Lynn*, 39 Ind. 250, that a recital of value in a replevin bond was conclusive upon the obligors. Such a recital ought certainly to be held conclusive, where, as here, the question of value is a material one, affecting the validity of the bond itself. Regarding, as we must, the recital of value as conclusive, we find no difficulty at all in disposing of this appeal upon the ground that the bond was in a penalty double the value of the property. The penalty of the bond is $110, and the recital is that the property is of the value of fifty dollars. It thus very clearly appears that the penalty was double the value of the property replevied. The answer under examination does not attempt to impeach or contradict the provisions of the bond. It simply avers, as an independent fact, that the bond was not in a sum double the value of the property; and this fact the appellees can not, as against the solemn admission in the bond, make available as a means of effecting its destruction.

Judgment reversed, with instructions to sustain appellant's demurrer to the second paragraph of the answer, and for further proceedings in accordance with this opinion.