No. 8042.

## WADDELL ET AL. *v.* BRADWAY ET AL.

REPLEVIN BOND.—*Dismissal of Action.*—To an action on a replevin bond taken by a justice of the peace, it is no defence that the writ issued by the justice was defective, and that on appeal the circuit court dismissed the action for want of a proper writ and summons.

SAME.—*Breach.*—The bond in replevin before a justice is taken before the issue of the writ, and a dismissal of the suit is a breach, which gives an action for the return or value of the property taken by virtue of the writ, though the dismissal was ordered on motion of the obligee in the bond on account of the defects in the writ.

From the Henry Circuit Court.

*J. Brown* and *J. M. Brown*, for appellants.

*M. E. Forkner*, for appellees.

WOODS, C. J.—Action by the appellants against the appellees upon a replevin bond.

Error is assigned upon the overruling of a demurrer for want of facts to the answer of the appellees to the complaint.

The complaint shows that the appellee Bradway commenced a suit before a justice of the peace, to recover of the appellants the possession of a horse, and to that end filed an affidavit and the bond now sued on, which was approved by the justice, conditioned for the prosecution of the complaint to effect and for the return of the goods to the appellants if judgment of return should be awarded; that thereupon the justice issued to a deputy constable a paper, which was, in substance, a recital of the facts stated in the affidavit, with the name of the said Jonathan Bradway appended thereto, but without the signature of the justice; that, by virtue of this paper and of the said affidavit and bond, the deputy constable levied upon and delivered the horse to Bradway, who has kept and converted the same to his own use; that after the taking of the horse by the constable as aforesaid, of which the constable made return upon said writ or paper, the parties appeared before the justice and entered

upon a trial, which resulted in a finding and judgment for Bradway ; that from that judgment these plaintiffs appealed to the circuit court, which dismissed the cause ; that the bond is broken in this, that Bradway did not prosecute his suit to effect, nor did he return the horse to the plaintiffs or either of them, but wrongfully, etc.

Having saved an exception to the overruling of their demurrer to this complaint, the appellees answered to the effect that no writ, either of summons or replevin, was ever issued in the cause named in the complaint; that the plaintiffs herein appeared specially before the justice for the purpose, and moved the court to dismiss the action, for the reason that no such writs had been issued, which motion was overruled by the justice, and a trial had as alleged in the complaint; that, on appeal to the circuit court, these plaintiffs renewed their said motion, and the court dismissed the cause for the reason that the court and the justice of the peace had no jurisdiction of the action and of the parties.

We have no brief from the appellees, but find it stated by counsel for appellant, that the court below held that until the justice had issued a writ of replevin or summons, he acquired no jurisdiction of the cause, and hence his taking and approving the bond were a nullity, and the bond void.

The statute, on the contrary, requires that the bond be filed before the issuing of the writ; R. S. 1881, sec. 1547 ; and while it may be that the circuit court erred in dismissing the cause, and perhaps should only have quashed the writ, yet, as the judgment of dismissal stands, it constitutes a breach of the bond, for which the appellants are entitled to an action. By virtue of the proceedings had upon his affidavit and bond, the plaintiff in the replevin suit obtained possession of the property. It was his duty to see that he obtained a proper writ, and if, by means of a defective or even void one, he obtained the possession, if not itself a breach of the bond, it certainly affords no ground of exemption to him and his sure-

ties from liability for the failure to prosecute the action to a successful result.

In the case of *Sammons* v. *Newman,* 27 Ind. 508, it was claimed that there could be no action upon the bond because a summons had not issued in the replevin suit, and the court said: · " To allow them to avoid liability on their bond upon that ground, would be to give judicial sanction to the perpetration of a palpable fraud upon the other party. By the bond, the plaintiffs in that suit obtained the possession of the property. Shall they now be permitted to say, ' we had no replevin suit pending, the sheriff had no right to take the property and deliver it to us, the bond was unauthorized, and we are not bound?' Nor are the sureties in any better position in law to controvert the pendency of the replevin suit." See also *Caffrey* v. *Dudgeon,* 38 Ind. 512 (10 Am. R. 126).

Judgment reversed, with instructions to sustain the demurrer to the answer.