No. 10,358.

## FAWKNER *v.* BADEN ET AL.

REPLEVIN.—*Justice of the Peace.—Jurisdiction.—Statute Construed.*—The jurisdiction of a justice of the peace, in an action of replevin, is governed by the provisions of section 1433, R. S. 1881, and not by the provisions of section 1547, R. S. 1881.

SAME.— *Bond or Undertaking.— Dismissal of Action. — Error.* —Where the plaintiff in replevin, before a justice of the peace, files with the justice an undertaking, as provided in section 1270, R. S. 1881, instead of the penal bond required in section 1547, *supra,* such undertaking is in substantial compliance with the requirements of the latter section, and is a valid, legal and binding obligation; and in such case it is error to sustain a motion for the dismissal of the action for the want of a penal bond.

SAME.—*Affidavit.— Writ of Replevin.—Motion to Quash.*—In such a case, where the justice has issued a writ of replevin, the proper remedy of the defendant, if he claims either that the affidavit is defective or that the bond is insufficient, is a motion to quash the writ for either or both of such causes.

From the Superior Court of Marion county.

*J. W. Harper,* for appellant.

*R. Hill, J. W. Nichol* and *W. H. Martz,* for appellees.

HOWK, J.—This suit was commenced by the appellant against the appellees before a justice of the peace of Center township, Marion county. The object of the suit was to recover the possession of certain personal property, of which the appellant stated that she was the owner and entitled to the possession, and that the same had been wrongfully taken, and was unlawfully detained, from her by the appellees, in Marion county. With her verified complaint, the appellant filed an undertaking, which was approved by the justice, and thereupon he issued an order to the proper constable for the delivery of the property to the appellant, by whom it was returned duly served. On the appellees' application, the venue of the action was changed to another justice, before whom the appellant asked leave to file the bond required by the statute, in lieu of the undertaking theretofore filed by her at the commencement of this suit. The appellees moved the

justice to dismiss the suit for the want of a sufficient bond, and for the want of a sufficient complaint. With leave of the justice, the complaint was amended and re-sworn to by the appellant, but the justice sustained the appellees' motion and dismissed the action for the want of a sufficient bond, and rendered judgment accordingly.

On appeal, the appellees moved the court at special term, in writing, to dismiss this action, for the reason that there was no sufficient bond filed by the appellant to give the justice of the peace jurisdiction of the suit. This motion was sustained by the court at special term, and to this ruling appellant excepted and filed her bill of exceptions; and judgment was rendered against her for appellees' costs. On appeal to the general term, the judgment at special term was in all things affirmed; and from the judgment of the general term this appeal is now here prosecuted.

From the foregoing summary of the proceedings below in this cause, it will be readily seen that the fundamental question for decision is this: Did the justice of the peace, before whom this suit was commenced, have jurisdiction to try and determine such suit? If the justice had such jurisdiction, the judgment below must be reversed; but if he had no jurisdiction to try and determine the appellant's suit, the judgment must be affirmed.

In section 1547, R. S. 1881, in force since August 6th, 1859, it is provided in effect, that whenever any plaintiff shall, by complaint in writing, verified by affidavit, before a justice of the peace, set forth that his personal goods, not exceeding in value one hundred dollars, have been wrongfully taken, or are unlawfully detained, by any other person, specifically describing such property and giving the value thereof, etc., "and shall file with such justice a bond, with surety to be approved by such justice, and payable to the defendant in a sum double the value of such goods, conditioned," etc., "the justice shall issue to some constable of the county his writ, commanding him to take the property described, and

deliver it forthwith to such plaintiff, and that he summon said defendant to appear at a time and place therein named, before such justice, to answer such complaint."

In section 1433, R. S. 1881, in force since July 5th, 1861, and therefore a later expression of the legislative will than section 1547, it is provided as follows: "Justices of the peace shall have jurisdiction to try and determine suits founded on contract or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed one hundred dollars; and concurrent jurisdiction to the amount of two hundred dollars; but the defendant may confess judgment for any sum not exceeding three hundred dollars. No justice shall have jurisdiction in any action of slander, for malicious prosecutions, or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party."

In *Harrell* v. *Hammond*, 25 Ind. 104, it was held by this court, and correctly so we think, that justices of the peace, under section 1433, R. S. 1881, have jurisdiction in actions of replevin, where the value of the property sought to be recovered, or the damages claimed, do not exceed two hundred dollars. So, this court held, also, in *Deam* v. *Dawson*, 62 Ind. 22. In the case in hand, the value of the property sought to be recovered was alleged to be in the aggregate $178.50, and the damages claimed by the appellant for the detention of the property were $10. As these two sums, in the aggregate, do not exceed $200, we are of opinion that the justice of the peace, before whom this suit was commenced, had jurisdiction to try and determine the same, whether the bond filed by the plaintiff was or was not sufficient, and even though she had not filed any bond. In other words, we think that jurisdiction to try and determine this action was conferred upon the justice of the peace by the provisions of section 1433, R. S. 1881.

The appellant's verified complaint in this case, as amended

before the justice, was in strict conformity with the require-
ments of section 1547, R. S. 1881; but the bond filed with
such complaint, although taken and approved by the justice,
was not in terms a penal bond "in a sum double the value"
of the goods sought to be recovered. The suit was com-
menced before the justice on the 29th day of August, 1881,
while the civil code of 1852 was yet in force, and the appel-
lant filed with her verified complaint the written undertaking
required of the plaintiff in section 132 of that code (section
1270, R. S. 1881), in an action of replevin commenced in the
circuit court, instead of the penal bond required by section
1547, R. S. 1881, where the action is commenced before a
justice of the peace. The undertaking filed by the appellant
was that she should "prosecute this action with effect and
without delay, and return the property in controversy to the
defendants, if a return thereof be adjudged by the court, and
pay to them all such sums of money as they may recover
against the plaintiff in this behalf, for any cause." If the ap-
pellant had filed the penal bond, required by section 1547,
the contract therein would have been that she should prose-
cute her complaint to effect and return the goods to the de-
fendants, if judgment of return be awarded them, and pay all
damages awarded them. The undertaking given was without
any specified limit; while the bond required would have been
limited to a sum double the value of the goods sought to be
recovered. With this exception, which is favorable to the
appellees, it will be seen that the difference between the un-
dertaking given and the penal bond required is one of form
and not of substance. We are of the opinion, therefore, that the
undertaking filed by the appellant before the justice, in this
case, was in substantial compliance with the requirements of
section 1547, R. S. 1881, and, though perhaps informal, was
a valid, legal and binding obligation. *Bugle* v. *Myers*, 59
Ind. 73; *Trueblood* v. *Knox*, 73 Ind. 310; *Carver* v. *Carver*,
77 Ind. 498.

We are aware that, in *Deardorff* v. *Ulmer*, 34 Ind. 353, this

court seems to have reached a conclusion upon the question we are now considering, differing somewhat from the one here announced. In the case cited Ulmer commenced an action of replevin against Deardorff, before a justice of the peace, to recover the possession of certain personal property of the alleged value of $70, and with his complaint he filed a bond in the penalty of only one hundred dollars, instead of in "a sum double the value of the goods" sought to be recovered, conditioned according to law. Before the justice, and, on appeal, before the court of common pleas, Ulmer recovered a judgment as demanded in his complaint, from which judgment Deardorff appealed to this court, and assigned as error the overruling of his motion to dismiss the action on the ground that the bond filed was not in a penal sum double the value of the property sought to be recovered, and his motion in arrest of judgment on the same ground.

It was held by this court that these errors were well assigned. After quoting the provisions of section 1547, R. S. 1881, the court said : "It seems quite clear to us, that the filing of the complaint in writing, and verified by affidavit, and the bond as required in the above section are necessary to confer jurisdiction upon the justice." In the opinion of the court there is no reference whatever to the later provisions of section 1433, R. S. 1881 ; and this latter section, as it seems to us, prescribes, regulates and governs the jurisdiction of a justice of the peace in all civil actions, whether "founded on contracts or tort." Under this section we are of opinion that neither an affidavit nor a bond was necessary to the jurisdiction of a justice "to try and determine" an action of replevin. In so far as the affidavit is concerned, it was so held by this court at the same term *Deardorff* v. *Ulmer, supra,* was decided, in the case of *Eddy* v. *Beal,* 34 Ind. 159.

In the latter case, which was an action of replevin commenced before a justice and appealed to a common pleas court, the court had found that the plaintiff's affidavit was insufficient, and, on this finding, had rendered judgment for the de-

fendant.    On appeal this court reversed the judgment, and, in delivering the opinion of the court, WORDEN, J., said: " This judgment can not be sustained.    We have seen that a good complaint was filed before the justice, claiming the property, and demanding damages in the sum of fifty dollars.    The affidavit will, it is true, in such cases, answer for a complaint, but there is nothing in the law to prevent the filing of the complaint separate from the affidavit."

If the justice of the peace has jurisdiction to try and determine the plaintiff's complaint in an action of replevin, the suit can not lawfully be dismissed, we think, on account of any defect either in the affidavit or in the bond.    In such case, where a writ of replevin has been issued, the proper remedy of the defendant is a motion to quash the writ for the want of either a sufficient affidavit or a sufficient bond.    In *Bugle* v. *Myers, supra,* after quoting at length section 790 of the civil code of 1852 (sec. 1221, R. S. 1881), in relation to a defective bond, recognizance or written undertaking, taken by any officer in the discharge of the duties of his office, the court said: " The operation of this section was to make the undertaking filed in this case a good and sufficient bond.    And the object of it was to save these legal instruments from invalidity on account of the defects mentioned.    The bond, in this case, did not subject the action to a motion to dismiss."

In the case at bar we are clearly of the opinion that the appellees' motion to dismiss the appellant's action was not well taken, and ought to have been overruled.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the motion to dismiss the action, and for further proceedings not inconsistent with this opinion.