Harbaugh *et al. v.* Albertson.

Filed May 25, 1885.

<hr>

No. 12,123.

## HARBAUGH ET AL. *v.* ALBERTSON.

REPLEVIN BOND.—*Justice of the Peace.—Consanguinity.*—It is no defence to an action against a surety upon a replevin bond, given in proceedings before a justice of the peace, that such justice was related, within the sixth degree of consanguinity, to all the parties to the action.

JURISDICTION OF JUSTICE.—*Estoppel.*—Where a party voluntarily submits the jurisdiction of his person to a justice of the peace who has jurisdiction of the subject-matter of the suit, he will not be permitted afterwards to controvert the justice's jurisdiction of his person.

SAME.—*Surety.*—Where, in replevin proceedings before a justice of the peace, a surety on the replevin bond by his execution thereof has enabled the plaintiffs to obtain possession of the property in controversy, he will be estopped from setting up as a defence to an action on the bond, that the justice before whom the action was commenced, had no jurisdiction over the persons of the parties.

From the Hamilton Circuit Court.

*L. O. Clifford, J. A. Roberts* and *T. E. Boyd,* for appellants.
*W. Neal* and *J. F. Neal,* for appellee.

HOWK, J.—The only error assigned by the appellants, the plaintiffs below, upon the record of this cause, is the overruling of their demurrer to the second paragraph of appellee's answer.

It is necessary, we think, to a proper understanding of this case, and of the questions presented therein for decision, that we should first give a summary of the facts stated by the appellants, in their complaint, as constituting their cause of action against the appellee Albertson and his co-defendant, one George W. Harbaugh.

Appellants alleged that, on July 19th, 1883, in an action

then pending before Samuel T. Dunham, Esq., a justice of the peace of Jackson township, in Hamilton county, wherein George W. Harbaugh was plaintiff and the appellants herein were defendants, George W. Harbaugh, having filed his affidavit and complaint in replevin, before such justice, also filed therein his bond with appellee Albertson as his surety therein, in substance, as follows:

"STATE OF INDIANA, HAMILTON COUNTY, *ss:*

"We, George W. Harbaugh and William Albertson, are bound unto Clarissa Harbaugh and Thomas J. Harbaugh in the penal sum of one hundred dollars, under the conditions following: Whereas, the said George W. Harbaugh has this day filed with Samuel T. Dunham, a justice of the peace of Jackson township, Hamilton county, Indiana, a complaint against Clarissa Harbaugh and Thomas J. Harbaugh, for the recovery of one hundred and fifty dozen of wheat in the sheaf, and he is about to take out a writ to replevin the same: Now, if said George W. Harbaugh shall prosecute his complaint to effect, and return said wheat to said Clarissa Harbaugh and Thomas J. Harbaugh, if judgment of return be awarded them, and pay all damages awarded them in said cause, then this bond shall be void. Witness our hands and seals this 19th day of July, 1883.

"(Signed)        G. W. HARBAUGH.

"WM. ALBERTSON."

And appellants alleged that such bond was then duly approved by such justice, and a writ of replevin was then duly issued to a constable of Jackson township, who, by virtue thereof, seized one hundred and fifty dozen sheaves of appellants' wheat, in the field and barn, and delivered the same to George W. Harbaugh; that such justice issued process, requiring appellants herein to appear before him, on July 25th, 1883, and answer such complaint in replevin, and such process was duly served on them; that on the day named the parties appeared before such justice, and, on appellants' application, the venue of the cause was changed from before

him, and it was duly sent to another justice of the peace of such township, who was competent to try such cause; that before the latter justice, on August 10th, 1883, a trial of such cause was had, resulting in a judgment that George W. Harbaugh was entitled to such wheat; that, within the time allowed by law, the appellants herein duly appealed from the judgment of such justice to the Hamilton Circuit Court; that, at the November term, 1883, of such circuit court, such proceedings were had in such cause, as that it was dismissed by the court for the want of prosecution.

And the appellants averred that the defendants in this suit had not, nor had either of them, returned such wheat to the appellants, but that the defendant George W. Harbaugh had threshed such wheat and converted the same to his own use, to appellants' damage in the sum of $100, which sum the defendants had not paid, nor offered to pay to the appellants; that the proceedings in such replevin suit were wrongful and oppressive; and that the grounds of the replevin, alleged in the affidavit and complaint therein, were untrue as the plaintiff in that suit well knew; by reason of all which appellants were damaged $100. Wherefore, etc.

In the second paragraph of his separate answer to the foregoing complaint, the appellee Albertson alleged that the bond in suit was invalid and void, for the following reasons, namely: That such bond was executed in a pretended legal proceeding before Samuel T. Dunham, a justice of the peace of Hamilton county, and that all the parties to such proceedings, both plaintiff and defendants, were related to such justice of the peace, within the sixth degree of consanguinity; and such justice attempted to take and approve such bond, notwithstanding the relationship so existing between him, such justice, and the parties to such pretended suit.

The question for decision in the case may be thus stated: Are the facts alleged in the foregoing answer, and admitted to be true by the demurrer, sufficient in law to constitute a

good defence, in appellee's favor, in bar of the appellant's action? We are of opinion that this question must be decided in the negative. The paragraph of answer proceeds upon the theory that the justice of the peace before whom the action of replevin was commenced, by reason of his relationship by blood to the parties to such suit, had no jurisdiction of the cause, and that the replevin bond, taken and approved by such justice in such cause, was therefore invalid and void. It may be conceded that such justice of the peace, by reason of his alleged relationship to the parties to such action of replevin, had not and could not acquire jurisdiction of the persons of such parties. Section 1433, R. S. 1881. But it by no means follows from this concession that such justice did not have full and complete jurisdiction of the subject-matter of such action of replevin, and might not, therefore, take and approve such replevin bond therein. In the case under consideration, there is no pretence that the justice of the peace, before whom such action of replevin was commenced, did not have full and complete jurisdiction of the subject-matter of such action. But the surety of the plaintiff, in such replevin suit, who, by commencing such suit before such justice of the peace, had voluntarily submitted his person to the justice's jurisdiction, now claims in the second paragraph of his answer that the replevin bond, executed by him to enable such plaintiff to obtain possession, as by means thereof he did, of appellants' sheaves of wheat, is invalid and void and of no binding force upon such surety, because he says that such justice could not, by reason of his relationship within the sixth degree of consanguinity to all the parties to such suit, take and approve such bond. This claim is made by the appellee, as such surety, after the plaintiff in such replevin suit had, by means of the appellee's execution of the replevin bond now in suit, obtained possession of the appellants' wheat and had converted such wheat to his own use.

We are of opinion that the appellee can not be permitted to avail himself of such a defence in a court of even-handed justice, to defeat the appellants' action upon such replevin bond to recover in damages the value of their wheat. The case of *Sammons* v. *Newman,* 27 Ind. 508, is an authority in point. That case, like the one under consideration, was an action upon a replevin bond. The defendants claimed in bar of the action that the bond in suit was void, because, at the time it was executed, there was no action pending wherein the execution of the bond was authorized. It was held by this court, that where the plaintiff in replevin has obtained possession of the property under his writ, neither he nor his sureties can be permitted to allege, in defence of an action upon the bond, that no suit was pending when the bond was executed. The court there said : " To allow them to avoid liability on their bond upon that ground, would be to give judicial sanction to the perpetration of a palpable fraud upon the other party. By the bond, the plaintiffs in that suit obtained the possession of the property. Shall they now be permitted to say, ' we had no replevin suit pending, the sheriff had no right to take the property and deliver it to us, the bond was unauthorized and we are not bound?' Nor are the sureties in any better position in law to controvert the pendency of the replevin suit."

The case of *Caffrey* v. *Dudgeon,* 38 Ind. 512 (10 Am. R. 126), cited and relied upon by appellee's counsel, as supporting the ruling below, is not in point here, because, in that case, as is shown by the opinion of the court, the justice of the peace before whom the replevin suit was commenced, and who took and approved the replevin bond, had no jurisdiction of the subject-matter of such suit. In that case this court cite with approval the previous case of *Sammons* v. *Newman, supra.* After stating the point decided in the previous case, as we have heretofore stated it in this opinion, the court said: " There can be no doubt that the ruling in said case was cor-

rect upon the facts of that case, but it can not be regarded as authority in the case under consideration. In that case the court had full and undoubted jurisdiction of the subject-matter of the suit, * * * * while in the case under consideration, the court had no jurisdiction of the subject-matter of the action ; and in such a case the service of a summons or the voluntary appearance of the defendant to the action could not confer jurisdiction on the justice of the peace over the subject-matter."

In the case of *Trueblood* v. *Knox,* 73 Ind. 310, which was an action upon a replevin bond taken and approved by a justice of the peace, it was claimed by the defendants that the bond in suit was void, because the penalty thereof was less than double the value of the property, the return of which it was given to secure. It was held by this court that while, perhaps, this objection to the replevin bond might have been urged as a reason for the dismissal of the replevin suit before the trial thereof, " it by no means follows," says the court, " that such an objection could be set up as a defence in a suit upon the bond. On the contrary, upon every principle of fair dealing and of reciprocal obligation, the appellee was precluded from setting up the insufficiency of the penalty of the bond as a defence, after the writ of replevin had been issued, and the possession of the property obtained upon it."

In *Carver* v. *Carver,* 77 Ind. 498, the action was upon a replevin bond, which had been taken and approved by a justice of the peace. The defence was that the bond sued on was not in a penalty double the value of the property sued for, and was therefore void, and gave the justice no jurisdiction to issue the writ of replevin upon which such property was seized. It was held that the facts stated constituted no defence to the action on the bond. The court said : " The principal obligor tendered the bond in suit to the justice as being such as the law required, and thus secured the writ which put him in possession of the personal property of an-

other. The plainest principles of justice require that neither he nor his sureties should be permitted to defend against the bond upon the ground that a sufficient penalty was not provided. * * * * There can be no doubt that the case is one to which the doctrine of estoppel fully and justly applies." *Waddell* v. *Bradway,* 84 Ind. 537; *Fawkner* v. *Baden,* 89 Ind. 587.

In the case at bar we are of opinion that the appellee is and ought to be estopped, in equity and good conscience, from setting up the facts stated by him in the second paragraph of his answer, in bar of the appellants' action. Having by his execution of the bond in suit enabled his co-defendant to get possession of, and convert to his own use, the appellants' wheat, the appellee ought not to be permitted to escape liability for the value of such wheat, upon the ground stated in such second paragraph of answer, when the record shows that his co-obligor and principal in such bond had voluntarily submitted his person to the jurisdiction of such justice of the peace. It is well settled that a party may voluntarily submit the jurisdiction of his person to a justice of the peace, who has jurisdiction of the subject-matter of the suit; and that, when this has been done, such party will not be permitted afterwards to controvert the justice's jurisdiction of his person. *Ludwick* v. *Beckamire,* 15 Ind. 198; *Nesbit* v. *Long,* 37 Ind. 300; *Mayes* v. *Goldsmith,* 58 Ind. 94.

Our conclusion is that the circuit court erred in this case in overruling the appellants' demurrer to the second paragraph of appellee's answer.

The judgment is reversed, with costs, and the cause is remanded, with instructions to sustain the demurrer to the second paragraph of answer, and for further proceedings in accordance with this opinion.

Filed May 25, 1885.