Filed Nov. 29, 1892.

---

No. 606.

## LEMERT v. SHAFFER ET AL.

JUSTICE OF THE PEACE.—*Action Against for Accepting Insufficient Replevin Bond.*—*Complaint.*—*Presumption.*—Under sections 1221 and 1433, R. S. 1881, any bond filed with a justice of the peace, with good and ample security, regardless of the particular form, is sufficient in an action of replevin, and a complaint against the justice does not state a good cause of action which charges that he failed to take the particular kind of bond provided for in section 1547, R. S. 1881. As the complaint did not allege that the justice did not take a good and lawful bond of any kind before the issuing of the writ of replevin, the presumption is that he did his duty in that respect.

SAME.—*Value of Property Replevied.*—*Complaint.*—*Averment that Justice was Without Jurisdiction.*—*Presumption.*—An allegation in the complaint in such action, that the property was worth more than $300 at the time the writ of replevin was issued, and that the justice knew it was worth more than that sum, without showing from what source he gained his information, and without an allegation that the complaint in the action of replevin, and the affidavit (if an affidavit was filed) showed the property to be worth more than $200, does not state a good cause of action. The presumption is that the justice acted in good faith, and that the paper filed in the replevin action showed that he had jurisdiction of the subject-matter.

From the Marshall Circuit Court.

*J. D. McLaren* and *E. C. Martindale,* for appellant.

*S. Parker,* for appellees.

NEW, J.—The appellant filed his complaint in the court below on the 12th day of October, 1891, alleging therein

' that on the 6th day of August, 1891, he was · the owner, and in the actual and lawful possession of the following described personal property in said county, to wit:   One Ashland clover huller No. 2, and the trucks attached thereto and belts, double-tree and whiffle-trees belonging thereto and used therewith, of the value of three hundred dollars ; and that on said day and year the defendant Robert S. Shaffer was, and for ten years had been, an acting justice of the peace in and for Polk township, in said county and State, and the defendant Samuel A. Robbins was, and for five years had been, a resident of St. Joseph county, in the State of Indiana ; that on said 6th day of August, 1891, the said defendant Shaffer, as such acting justice of the peace, wrongfully and unlawfully issued and delivered to a constable of said county a writ of replevin under his hand and official seal as such acting justice of the peace, commanding said constable to take said clover huller and the trucks attached thereto, the belts and double-tree and whiffle-tree belonging thereto and used therewith, from the possession of plaintiff and deliver the same forthwith to Samuel A. Robbins, the defendant hereto, and further commanding said constable to summon the plaintiff to appear before said Shaffer as such acting justice of the peace at his office, at a time fixed, to answer the complaint of said Samuel A. Robbins, and by virtue of said writ of replevin said constable on said day went to plaintiff's residence, in said county, and took said property from the plaintiff's possession, and delivered it into the possession of said Samuel A. Robbins, who thereupon took it out of said county ; that said constable before proceeding to execute said writ inquired of said Shaffer whether or not said Robbins had filed good and sufficient bonds to secure the costs of the suit and the return of the property, and the said Shaffer assured the constable that Robbins had filed good and ample bonds to secure the costs of the suit and the return of the property, and thereupon the constable executed the writ as aforesaid ; that after said property had been

taken from plaintiff and delivered to Robbins, and before the
day arrived when plaintiff was to appear before said justice
to answer the complaint of said Robbins, he went to said
justice, Shaffer, and requested him to let him (plaintiff) see
the bond said Robbins had filed with him, as such justice,
to obtain the issuing of said writ of replevin, as he (plaint-
iff) was interested in knowing whether there was an ample
bond to secure him, and thereupon said justice gruffly told
him in substance that was none of his business, that he
guessed he knew his business, and he refused to either show
or inform the plaintiff of the amount or kind of security he
had required said Robbins to give before the issuing of said
writ of replevin ; and thereupon when the day and hour ar-
rived for the trial of said matter before said justice, Shaffer,
the plaintiff, as defendant in said replevin suit, filed his ap-
plication for a change of venue of said suit from said Shaffer,
and said suit was sent by said Justice Shaffer to Justice
Shirk, of North township, in said county, and such proceed-
ings were had in said replevin suit on August 29th, 1891,
before said Justice Shirk, that said writ of replevin was
quashed and said suit dismissed at the costs of said Robbins,
and judgment was rendered against him for costs, and said
judgment remains in full force unappealed from ; that said
Robbins is notoriously insolvent ; that said Justice Shaffer
issued said writ and caused plaintiff to be deprived of the
possession and use of his property, and caused it to be de-
livered to said Robbins, as aforesaid, without requiring said
Robbins to file with him, as such justice, a bond, with surety,
to be approved by such justice, and payable to the defend-
ant in said replevin suit, who is the plaintiff in this suit, in
a sum double the actual value of said property, conditioned
that said Robbins would prosecute his said replevin suit
against the plaintiff to effect, and return the property to the
plaintiff if judgment of return be awarded to him and pay
all damages awarded him, as provided and required by law ;
that before the commencement of this suit the plaintiff de-

manded of said Justice Shaffer, that he restore, or cause to be restored to him, the possession of said property, and that he pay him the damages he had sustained by being wrongfully deprived of the use of said property as aforesaid, but he refused, and still refuses so to do. And plaintiff avers that said property was of the value of three hundred dollars at the time it was wrongfully and unlawfully taken from him by the defendants as aforesaid, which the defendants well knew, and defendant Shaffer then and there knew that said Robbins was not a resident of Marshall county, aforesaid, and that said Robbins was notoriously insolvent."

Plaintiff further averred in his said complaint that he sustained damages on account of said wrongful and unlawful taking of his property, but as it is not necessary to refer to that part of the complaint in deciding the question presented here, we need not set it out.

The defendants each filed a separate demurrer to the complaint for want of facts, and they also filed a joint demurrer on the same ground. Each of said demurrers was sustained by the court, and the plaintiff excepted.

The errors assigned being the sustaining of each of said demurrers.

Thus we have the question presented—does the complaint state facts sufficient to constitute a cause of action?

It is alleged in the complaint that said justice, Shaffer, wrongfully and unlawfully issued said writ of replevin, and that by virtue of said writ said property was wrongfully and unlawfully taken from the possession of said appellant and delivered to said Robbins. However, the complaint, taken as a whole, clearly shows that the pleader is not relying on the general allegation of unlawful taking, the theory of the complaint being that the issuing of said writ and the taking of said property was wrongful and unlawful—

1st. Because said Robbins did not file with said justice a bond with surety, to be approved by such justice, and payable to the defendant in said replevin suit, in a sum double

the actual value of said property, conditioned that said Robbins would prosecute his said replevin suit against the plaintiff to effect, and return the property to the plaintiff, if judgment of return be awarded to him, and pay all damages awarded him, as provided and required by law.

2d. Because the value of the property sought to be recovered by said action in replevin was, at the time said Robbins instituted his said action before said justice, and at the time said justice issued said writ, of the value of three hundred dollars, and that both said Robbins and Justice Shaffer knew at the time said property was of that value.

The appellant does not allege in his complaint that said Robbins did not file a bond of any kind with said justice, Shaffer, before the issuing of said writ, but the allegation is that he did not file a particular kind of a bond, the language used clearly showing that he intended to allege that he did file the kind of bond provided for by section 1547, R. S. 1881.

Under section 1433 of the R. S. 1881, which is a later expression of the Legislature on the subject than section 1547, *supra,* it is not necessary to file a bond of any kind to give the justice jurisdiction to try and determine an action of replevin. *Fawkner* v. *Baden,* 89 Ind. 587.

But if the plaintiff in an action of replevin desires a writ of replevin to be issued before the final termination of the suit, he must file a good and sufficient bond ; not necessarily the particular kind of a bond mentioned in said section 1547. If he files such bond as is provided for in section 1270, R. S. 1881, it would be sufficient. *Fawkner* v. *Baden, supra.*

Section 1221, R. S. 1881, provides that no bond taken by any officer in the discharge of the duties of his office, shall be void for want of form, substance, recital or condition.

It would seem that in view of the foregoing sections, 1433 and 1221, any bond filed with a justice of the peace,

with good and ample security, regardless of the particular form, would be sufficient in an action of replevin.

As the complaint in this case does not allege that the justice did not take a good and lawful bond of any kind before the issuing of said writ, and as it is not necessary to take the particular kind of a bond mentioned in the complaint, the presumption is the justice did his duty in that respect.

It is alleged in the complaint that the property taken from the possession of appellant by said writ of replevin was, at the time said action in replevin was instituted, worth three hundred dollars, and that the appellees knew said property was of that value at the time said writ of replevin was issued. But it is not shown by said complaint from what source said justice gained that information. Neither is it claimed that the complaint filed in the action of replevin and the affidavit (if an affidavit was filed) did not show that the value of the property did not exceed two hundred dollars.

The justice issued the writ upon the complaint filed, and the presumption is that he acted in good faith, and that the papers filed in said replevin action showed that he had jurisdiction of the subject-matter.

There was no error committed by the court in sustaining the demurrer.

The judgment is affirmed.

Filed Oct. 11, 1892.

## On Petition For a Rehearing.

New, J.—We have again given the questions in this case careful consideration, and find no reason to change our conclusions heretofore announced.

The complaint does not allege that Samuel A. Robbins did not file a bond with said justice, Shaffer, prior to the issuing of the writ of replevin by such justice, but charges that he did not file a particular kind of a bond, to wit, the bond provided for by section 1547, R. S. 1881. As we have

said, it was not necessary for him to file that particular kind of a bond, but if he filed such bond as is provided for in section 1270, R. S. 1881, it would be sufficient. In support of the above statement, we cited the case of *Fawkner* v. *Baden*, 89 Ind. 587, which case clearly guides us to the conclusion reached. Counsel for appellant insist that said justice did not have jurisdiction, as the value of the property taken by virtue of said writ of replevin was at the time worth $300.

We do not deem it necessary to say anything in addition to what we have heretofore said on that proposition.

The petition is overruled.

Filed Dec. 14, 1892.