No. 1,926.

## HOUK v. BOARD OF COMMISSIONERS OF MONTGOMERY COUNTY.

ATTORNEY.—*Defending Poor Person in Justice's Court.—Liability of County for Fee.—Statute Construed.*—An attorney appointed by a justice of the peace to defend a poor person in the justice's court is not entitled, under sections 261, 174, 7990, R. S. 1894 (sections 260, 174, 5912, R. S. 1881), providing for the defense by counsel furnished at the expense of the county, of poor persons charged with crime, to compensation from the county for his services, as the statutes do not give power to any court, other than the one making the appointment, to make the allowance for services, and it appears from said section 7990, that a justice of the peace cannot make an allowance for such service.

From the Montgomery Circuit Court.

*W. G. Houk*, for appellant.

*F. P. Mount*, for appellee.

LOTZ, J.—It appears from the averments of appellant's complaint, that he was duly appointed by a justice of the peace to defend a poor person charged with crime in the justice's court. He sought to recover the value of his services. A demurrer for want of facts was sustained to the complaint. This ruling is assigned as error.

Appellant's contention is that a justice of the peace has the same power to appoint an attorney to defend a poor person charged with crime in his court as has a circuit or other court of superior jurisdiction. There is no doubt but that a county is liable to an attorney at law for services rendered in the defense of a poor person charged with crime, in a proper case. *Webb, Aud.*, v. *Baird*, 6 Ind. 13; *Board, etc.*, v. *Courtney*, 105 Ind. 311; *Hendryx* v. *State*, 130 Ind. 265; section 261, Burns R.

S. 1894 (section 260, R. S. 1881), section 21, art. 1, Const. Ind.

It is also true that it is the right of a person accused of a crime to be heard by counsel, and this right is guaranteed by the Federal and State constitutions. Amend. Const. U. S., art. 6; section 21, art. 1, Const. Ind.

But the accused has no right guaranteed to him by the constitution that his counsel shall be furnished at the expense of the public or of the county. If he has the right to be defended by counsel at the expense of the country it is one given by statute.

A court of a justice of the peace is one created by the constitution, but its powers and duties are prescribed by statute. Section 174, R. S. 1894. It is also a court of record. Section 1504, R. S. 1894 (section 1437, R. S. 1881). But it is a court of inferior and limited powers and jurisdiction, having neither a clerk nor an official seal.

The section of statute giving a court the power to appoint an attorney for a poor person is not in terms limited or confined to any particular court. But statutes should all be construed so as to form one complete and harmonious system of laws. Another section of the statute provides that money can only be paid out of the county treasury upon the proper orders issued and attested by the county auditor. Section 7990, R. S. 1894 (section 5912, R. S. 1881). In another section it is provided that the auditor may draw his warrant upon the treasurer for a sum allowed or certified to be due by any court of record authorized to use a seal and having jurisdiction beyond that of a justice of the peace, or by the board of county commissioners. Section 1480, R. S. 1894 (section 1414, R. S. 1881). Under this section it is clear that circuit and superior courts may

make allowances in proper cases under the seal of the court, upon which the county auditor may issue his warrant, but justices of the peace can make no such allowances.

The statutes contemplate that the court making the appointment of an attorney to defend a poor person shall also make the allowance. It is true if it fail to do so the county may nevertheless be liable for the reasonable value of the services rendered in an action brought against the board of county commissioners. *Board, etc.,* v. *Courtney, supra.* But it is none the less the duty of the court making the appointment to make the allowance. The general rule is that where a power is granted to do a particular thing the grant carries with it the power to do all the incidental matters necessary to attain the ends sought. The power to appoint carries with it the power to make the allowance. As a justice of the peace has no power to make the allowance, he ought not have the power to make the appointment.

If appellant's contention should prevail, we would have one rule for circuit and superior courts and another rule for justice courts growing out of the construction of the same statutes. Such a result would destroy that harmony which it is the policy of the law to secure.

An attorney in the most general meaning of the term is one who is set or placed in the turn or stead of another. *Whitestown, etc., Co.* v. *Zahn,* 9 Ind. App. 270. In a more limited sense an attorney at law is one whose profession is to represent litigants in the management of their causes before the courts. An attorney is an officer of the court in which he practices his profession. He is required to take an oath of office, which oath must be entered upon the order book of the court. It is made the duty of the clerk of the court to furnish the court with a list of all the attorneys having business in the

court at each term thereof.     And a roll of the attorneys shall be kept in every court, but a justice's court has neither terms of court nor a clerk.

In view of these provisions of the statute, it is doubtful whether the office of an attorney in the professional sense of the term applies to justices' courts.

Judgment affirmed.

Filed November 20, 1895 ; petition for rehearing overruled March 6, 1896.