### ALLEN *v.* FREDERICK ET AL.

[No. 3,353.   Filed Jan. 23, 1901.   Rehearing denied March 28, 1901.]

JUSTICE OF THE PEACE.—*Jurisdiction.—Replevin.—Verification of Complaint.—Bond.—Statute Construed.*—A justice of the peace has no jurisdiction of an action in replevin unless the complaint is verified and a bond executed by plaintiff, as required by §1547 Horner 1897, since §1433 Horner 1897 simply determines the jurisdiction as to amount and character of actions within the jurisdiction of the justice, while the procedure and practice are determined by §1547, *supra.*

Allen *v.* Frederick.

From the Harrison Circuit Court.  *Affirmed.*

*E. B. Stotsenburg, J. H. Weathers* and *H. H. Richard,* for appellant.

*Major W. Funk,* for appellees.

Comstock, J.—Appellant as plaintiff commenced this action by filing before a justice of the peace a complaint against appellees alleging that he was the owner of and entitled to the possession of a certain horse (particularly describing the animal) of the value of $60; that the defendants had possession without right, and unlawfully detained said horse from the plaintiff; that it had not been taken for a tax assessment or fine, pursuant to statute, or seized under an execution or attachment, or any other writ, against the property of the plaintiff; that by reason of the detention plaintiff had sustained damages in the sum of $10, and demanding judgment against the defendants for the posses sion of the horse and $10 damages.  No bond was filed with the complaint, nor was it verified.  The justice issued a summons for the appearance of the defendants.  From a judgment in favor of appellant upon default appellees appealed to the circuit court.  In the circuit court the cause, upon motion of appellees, was dismissed, because no bond was filed with the complaint and it was not verified.  Appellant assigns this action of the court as error.

The complaint is entitled in replevin and contains all the averments required under §1615 Burns 1894, §1547 Horner 1897.  The section referred to provides that whenever a complaint alleging the withholding of the property not exceeding in value $100, verified by affidavit, is filed, and with it a bond with surety, to be approved by the justice and payable to the defendant, conditioned to prosecute such complaint to effect and return the goods to defendant, if judgment of return be awarded him, and pay all damages awarded such defendant, the justice shall issue to some constable of the county a writ commanding him to take the property described and deliver it forthwith to such plaintiff,

and that he summon said defendant to appear at a time and place therein named before such justice to answer such complaint. This section clearly provides the method of procedure before justices of the peace to recover possession of personal property wrongfully withheld, limiting the value of the property to $100, and the damages for the detention to $100 in addition thereto.

In actions for the recovery of personal property, a justice of the peace must be governed by the act defining the jurisdiction, powers, and duties of justices of the peace in civil cases. A court of a justice of the peace is one of inferior and of limited jurisdiction, with powers and duties prescribed by statute. *Houk* v. *Board, etc.,* 14 Ind. App. 662; *Green* v. *Aker,* 11 Ind. 223; *Caffrey* v. *Dudgeon,* 38 Ind. 512, 10 Am. Rep. 126.

Appellant did not comply with §1547, *supra.* Counsel for appellant admit that said §1547 standing alone requires that in actions for replevin filed before a justice of the peace, where immediate possession of the property is demanded, an affidavit and bond must be filed in order to give the justice jurisdiction. But "we contend" (to quote from brief of appellant's counsel) "that this section does not deprive the justice of his jurisdiction in cases of replevin and in *detinue* where the immediate possession of the property is not demanded." It will be observed that the complaint in this cause demands the immediate possession of the property. Reference is made to the fact that §1547, *supra,* went into effect August 6, 1859, and that §1433 Horner 1897 went into effect on July 5, 1861, from which it is claimed that, being the later expression of the legislature, the jurisdiction of justices of the peace is no longer limited by the first named section. Section 1433, *supra,* gives to justices of the peace "jurisdiction to try and determine suits founded on contracts or tort, where the debt or damage claimed or the value of the property sought to be recovered does not exceed $100, and concurrent jurisdiction to the

amount of $200, but the defendant may confess judgment for any sum not exceeding $300.  No justice shall have jurisdiction in any action of slander, for malicious prosecutions, or breach of marriage contract, nor in any action wherein the title to lands shall come in question, or the justice be related by blood or marriage to either party."  It is claimed by appellant's counsel that the legislature must have had in view the class of cases to which the one at bar belongs, and intended to confer jurisdiction upon justices of the peace in actions of replevin or *detinue* where the property sought to be recovered with damages does not exceed $200.   It is further claimed that the question before us has been passed upon in *Fawkner* v. *Baden,* 89 Ind. 587, and in *Lemert* v. *Shaffer,* 5 Ind. App. 468.

*Fawkner* v. *Baden, supra,* was an action in replevin commenced before a justice of the peace, the complaint was verified, an undertaking filed, approved by the justice of the peace, and a writ issued for the delivery of the property to the plaintiff.  The writ was duly served.  The venue was changed to another justice of the peace before whom the plaintiff asked leave to "file the bond required by the statute in lieu of the undertaking theretofore filed by her at the commencement of the suit."  The defendants moved to dismiss the suit for the want of a sufficient bond and the want of a sufficient complaint.  Upon leave of the justice of the peace, the complaint was amended and re-sworn to, but the justice sustained the defendant's motion to dismiss the action for want of sufficient bond, and rendered judgment accordingly.  Upon appeal to the Marion Superior Court, the cause was dismissed for the reason that there was no sufficient bond filed.   The only question, therefore, presented upon appeal was the sufficiency of the bond to give the justice jurisdiction of the action.  It appears from the opinion that the complaint was verified in strict conformity with the requirements of §1547, *supra,* but the bond filed

therewith, although approved by the justice, was not in terms a penal bond "in a sum double the value of the goods sought to be recovered". To quote from the opinion: "The suit was commenced before the justice on the 29th day of August, 1881, while the civil code of 1852 was yet in force, and the appellant filed with her verified complaint the written undertaking required of the plaintiff in §132 of that code (§1270 R. S. 1881), in an action of replevin commenced in the circuit court, instead of the penal bond required by §1547 R. S. 1881, where the action is commenced before a justice of the peace. The undertaking filed by the appellant was that she should 'prosecute this action with effect and without delay, and return the property in controversy to the defendants, if a return thereof be adjudged by the court, and pay to them all such sums of money as they may recover against the plaintiff in this behalf, for any cause'. If the appellant had filed the penal bond, required by §1547, the contract therein would have been that she should prosecute her complaint to effect and return the goods to the defendants, if judgment of return be awarded them, and pay all damages awarded them. The undertaking given was without any specified limit; while the bond required would have been limited to a sum double the value of the goods sought to be recovered. With this exception, which is favorable to the appellees, it will be seen that the difference between the undertaking given and the penal bond required is one of form and not of substance. We are of the opinion, therefore, that the undertaking filed by the appellant before the justice, in this case, was in substantial compliance with the requirements of §1547 R. S. 1881, and, though perhaps informal, was a valid, legal and binding obligation. *Bugle* v. *Myers,* 59 Ind. 73; *Trueblood* v. *Knox,* 73 Ind. 310; *Carver* v. *Carver,* 77 Ind. 498." This decided the only question presented by the appeal, and while in the course of the opinion it is stated that the justice would have had jurisdiction without a bond and without a

verification of the complaint, as these questions were not presented such expressions must be regarded as *dicta,* especially as they are directly in conflict with former decisions of the same court.

*Lemert* v. *Shaffer,* 5 Ind. App. 468, was an action against a justice of the peace for having wrongfully and unlawfully issued to a constable a writ of replevin. The question upon appeal arose upon a demurrer to the complaint. The Appellate Court say: "The complaint does not allege that Samuel A. Robbins did not file a bond with said justice, Shaffer, prior to the issuing of the writ of replevin by such justice, but charges that he did not file a particular kind of a bond, to wit, the bond provided for by §1547 R. S. 1881. As we have said, it was not necessary for him to file that particular kind of a bond, but if he filed such bond as is provided for in §1270 R. S. 1881, it would be sufficient."

We are of the opinion that a fair construction of the two sections of the statute referred to must hold ,that while §1433, *supra,* determines the jurisdiction as to the amount and the character of the actions within the jurisdiction of a justice of the peace, the procedure and practice is still determined by §1547, *supra.*

The proceedings must be within the requirements of the statute. *Dowell* v. *Richardson,* 10 Ind. 573, was an action in replevin. The court said: "As to the question of the sufficiency of the complaint, it does not contain an allegation that the property had not been taken by virtue of any execution or other writ, etc., nor is it verified by affidavit. And the appellants therefore insist that the ruling of the court was erroneous upon that point. No bond was filed, and it is argued that until one was filed the court had no jurisdiction to issue a writ, etc. The statute (2 R. S. 1852, p. 464, §71) regulating proceedings in such cases before a justice, appears to require that the complaint should contain such averment, and be verified by affidavit, and that a bond should be filed. It is in some respects different from that regulat-

ing such proceedings in the circuit court. There was a somewhat analogous difference in the mode of proceeding, in the two courts, provided for in the statute of 1843, pp. 698, 896, which was recognized and sustained by this court in the case of *Bringhurst* v. *Pollard,* 6 Ind. 452. Following that case, the objection was well taken, and should have been sustained."

In *Green* v. *Aker,* 11 Ind. 223, which was an action for the recovery of personal property, the court say: "We are of opinion that in actions for the recovery of personal property, a justice of the peace must pursue, and be governed by, the act of June 9th. It plainly points out the mode of proceeding by the claimant and the justice; and although its provisions are not as ample as those of the act of June 18th, for the protection of an execution defendant who may desire to claim the privilege of the exemption law; yet that is no reason for holding the law itself a nullity, although it may be and doubtless is, a good argument in favor of amending it."

In *Caffrey* v. *Dudgeon,* 38 Ind. 512, on p. 519, the court say: "The first step in the proceeding before the justice is the filing of a written complaint, verified by affidavit, setting forth that his personal goods, not exceeding in value $200, have been wrongfully taken, or are unlawfully detained by any other person, specifically describing such property and giving the value thereof, * * *. When the above complaint is filed, the plaintiff is required to file with such justice a bond with surety, to be approved by such justice, and payable to the defendant in a sum double the value of such goods, * * *. When the complaint and bond have been filed, the justice shall issue to some constable of the county his writ, commanding him to take the property described and deliver it forthwith to such plaintiff, and that he summon said defendant to appear at a time and place therein named before such justice, to answer such complaint." See, also, *Dowell* v. *Richardson,* 10 Ind. 573.

In *Deardorff* v. *Ulmer*, 34 Ind. 353, Buskirk, J., speaking for the court, said, at page 354: "It seems quite clear to us, that the filing of the complaint in writing, and verified by affidavit, and the bond as required in the above section are necessary to confer jurisdiction upon the justice; and until these things have been done, the justice possesses no power to issue the writ; and if a writ were issued without a complaint or a bond, it would be illegal, and would constitute a good and sufficient cause for the dismissal of the action."

In conformity with the decisions of our Supreme Court in which the question here involved has been presented, we must hold that the cause was properly dismissed.

Judgment affirmed.