Dewey, J.
Middleton sued Hams in replevin before a justice of the peace. The affidavit on which the writ issued, and which was also filed as the cause of action, stated the value of the property detained to be $50.00, and laid the damages at the same sum. There was a trial on the merits before the justice, and a judgment for the defendant. The plaintiff appealed. On the calling of the cause in the Circuit Court, the defendant moved to dismiss the suit. The motion prevailed, on the ground that more than $20.00 being claimed in damages, *426 the justice bad no jurisdiction of the cause". Judgment against the plaintiff for costs.
■C. Pleteher, O. Butler, and 8. Yandes, for the plain1 ff.
J. L. Jernegan, W. W. Wieh, and L. Barbour, '' r t.H defendant.
The 18th section of the act respecting justices of the peace is relied on to sustain this decision. That section, after defining the general powers of a justice of the peace, provides that nothing contained in it shall be so construed as to give to a justice jurisdiction in any action for the recovery of damages for any trespass, wrong, or injury, done to or committed against the property of a person, nor in any case founded on tort, where the damages demanded shall exceed $20.00; nor in any action of replevin where the value of the property claimed shall exceed $50.00. R. S., 1838, p. 364.
*We think the actions here referred to, in which the jurisdiction of the justice is limited to $20.00, are actions sounding merely in damages, and that replevin, in which the main object is the recovery of specific property, is not one of them. The jurisdiction of justices, in replevin, depends upon the value of the property claimed, and not upon the amount of damages for the detention. This is plain, not only from the section above quoted, but also from the 39th section of the same act, which expressly invests justices with jurisdiction in replevin when the value of the property to be replevied does not exceed $50.00, and authorizes them to proceed to judgment and execution as fully as the Circuit Courts may do in actions commenced before them. R.. S., 1838, p. 372. Having absolute jurisdiction in such cases, justices are authorized to entertain them, though the incidental damages occasioned by the detention of the property may exceed $20.00. The suit should not have been dismissed.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &e.