MARKIN *v.* JORNIGAN.

In replevin, in a justice's Court, the value of the property as specified in the declaration, and not in the affidavit, governs as to the jurisdiction of the Court.

Each count in a declaration is considered as containing a distinct cause of action.

The declaration in replevin before a justice of the peace contained two counts, and the property specified in each count was alleged to be of the value of 40 dollars. *Held,* that the justice had no jurisdiction of the case.

*Friday,
December 24.*

ERROR to the *Blackford* Circuit Court.

BLACKFORD, J.—This was an action of replevin brought by *Jornigan* against *Markin* in a justice's Court. Judgment by the justice for the plaintiff. The defendant appealed to the Circuit Court, and the plaintiff obtained there a verdict and judgment.

The defendant contends that the justice had no jurisdiction; the causes of action being for too large an amount.

The justice had no jurisdiction, if the value of the property claimed exceeded 50 dollars. R. S. 862, s. 2. *Middleton* v. *Harris,* 6 Blackf. 397.

The plaintiff's affidavit filed before the justice, states the value of the property claimed to be 40 dollars.

The declaration, which was filed before the justice, is substantially as follows: For that the defendant, on, &c., at, &c., wrongfully took, and still wrongfully detains, from the plaintiff a certain young mare of the value of 40 dollars, the property of the plaintiff; to the plaintiff's damage 20 dollars; hence he sues. And for that, on, &c., at, &c., one filly of the value of 40 dollars, the plaintiff's property, came into the defendant's possession, and has been since, and still is, unlawfully detained by him, to the plaintiff's damage 20 dollars; hence he sues.

This declaration contains two counts. The young mare mentioned in the first count, and the filly mentioned in the second count, are alleged to be each of the value of 40 dollars. If, therefore, we consider the counts as containing separate causes of action, as we must do, the va-

lue of the property claimed by the declaration is 80 dollars; and it is the declaration, not the affidavit, that shows the value of the property sued for. That on this question of jurisdiction, each count must be considered as containing a distinct cause of action, has been frequently decided by this Court. *Swift* v. *Woods*, 5 Blackf. 97.—*Wetherill et al.* v. *The Inhabitants, &c.*, id. 357.

The plaintiff, therefore, shows that the value of the property, on account of which he sues, exceeds the jurisdiction of the justice. The consequence is, that the judgment cannot be sustained.

*Per Curiam.* — The judgment is reversed with costs. Cause remanded with instructions to the Circuit Court to dismiss the suit for want of jurisdiction.