SHORT
*v.*
BRIDWELL.

*Thursday,*
*December* 6.

SHORT and Others *v.* BRIDWELL.

Justices of the peace have jurisdiction in actions to recover the possession of real estate, only where the relation of landlord and tenant exists; or, where there has been an unlawful or forcible entry into lands, and either a peaceable or forcible detainer thereof; or, where having peaceably obtained possession, one unlawfully and forcibly keeps the same.

APPEAL from the *Lawrence* Circuit Court.

WORDEN, J.—This was an action by the appellants, against the appellee, to recover the possession of certain real estate, commenced before a justice of the peace, and taken by appeal to the Circuit Court. The action was dismissed in the Circuit Court, for want of jurisdiction in the justice. The plaintiffs excepted, and appeal to this Court.

The appellants contend that the justice had jurisdiction under the provisions of 2 R. S. 1852, chap. 4, p. 490. Under this statute, the relation of landlord and tenant must exist between the parties; or the defendant must have made unlawful or forcible entry into the land, and either peaceably or forcibly detain the same; or, having peaceably obtained the

*Thursday,*
*December* 6i.

Nov. Term, 1860.

possession, he must unlawfully and forcibly keep the same; otherwise the justice has no jurisdiction.

In the case before us, it does not appear that the relation of landlord and tenant exists, whereby the defendant would be estopped from denying the plaintiff's title; nor does it appear that the original entry was either forcible or unlawful; nor that the defendant unlawfully and forcibly detains the land. Hence the justice had no jurisdiction, and the action was correctly dismissed.

*Per Curiam.*—The judgment is affirmed, with costs.

*S. W. Short*, for appellants.

*A. B. Carlton*, for appellee.