Nov. Term,
1861.

O'CONNELL *v.* GILLESPIE.

O'CONNELL.
v.
GILLESPIE.

The summary remedy furnished by § 12, 2 R. S. 1852, p. 492, for recovering the possession of land, before justices of the peace, was only intended to be given in cases where there has been an unlawful and forcible entry, or where the entry has been peaceable, but the detention is unlawful and forcible. The word "*or*," in the first line of the section, being evidently used in the sense of "*and.*"

APPEAL from the *Putnam* Circuit Court.

Thursday,
December 12.

WORDEN, J.—This was an action by *Gillespie* against *O'Connell*, for the forcible entry and detainer of a certain town lot, brought before the mayor of the town of *Greencastle*, and appealed to the Circuit Court. Trial; verdict and judgment for the plaintiff.

The defendant asked a charge to the substantial effect that in order to entitle the plaintiff to recover, it was necessary that the defendant's entry should have been unlawful and forcible, or, having peaceably entered, that he should have forcibly detained the premises. This charge was refused, and the Court charged that the plaintiff must prove "that the defendant either unlawfully or forcibly took possession, and detained the possession from the plaintiff either peaceably or forcibly; or, if the defendant is in possession, having peaceably obtained the possession, that he both unlawfully and forcibly keeps the possession against the plaintiff, he having the right to the possession."

The statute on the subject is as follows: "Any person who shall make unlawful or forcible entry into lands, and shall either peaceably or forcibly detain the same, against any person having right to possession thereof, or any person having peaceably obtained the possession of lands, who shall unlawfully and forcibly keep the same, against any person having the right to possession thereof, may be ousted from such premises," &c. (2 R. S. 1852, § 12, p. 492.) If the first branch of this provision is to be construed literally, no error was committed in refusing the charge asked, or in giving the one given. With such construction, the action is maintainable although there be no force either in the entry or detainer. The provision might be read, leaving out

the alteratives, as follows: "Any person who shall make unlawful .... entry into lands, and shall .... peaceably .... detain the same, against any person having right to possession thereof .... may be ousted," &c.

But this literal interpretation fails to meet the evident intention of the Legislature, as gathered from the entire provision, as well as from cotemporaneous and previous legislation. This construction would give justices of the peace jurisdiction in all actions for the recovery of real estate, where one unlawfully entered the land of another and detained it from him. This is opposed by cotemporaneous legislation, which does not give justices jurisdiction to try titles to real estate. In all previous legislation on the subject of forcible entry and detainer, the statutes required that in order to give justices jurisdiction there should be force either in the entry or detainer. R. S. 1831, p. 265; R. S. 1838, p. 307; R. S. 1843, p. 822.

This construction is inconsistent with the latter branch of the provision in question. An entry may be unlawful, but at the same time peaceable. By the latter branch, where the entry is peaceable, the detention must be unlawful and forcible. We think it clear that the Legislature intended to furnish this summary remedy only in cases where there is an unlawful *and* forcible entry, or where the entry is peaceable, (without force,) but the detention is unlawful and forcible. The word "*or*," in the first sentence of the provision, is used, evidently, in the sense of "*and.*" The provision may be read as follows: "Any person who shall make unlawful *and* forcible entry into lands, and shall either peaceably or forcibly detain the same," &c. may be ousted. This renders the provision intelligible and consistent, as a whole, and expresses what the Legislature evidently intended.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*Crane* and *Mason*, for the appellant.

*Williamson* and *Daggy*, for the appellee.