*Vawter* and *Read*, for appellant.

———————•———————

25 152
152 506

KIPHART *v.* BRENNEMEN. ·

JUSTICE—JURISDICTION—AMENDMENTS.—Suit before a justice of the peace to recover the possession of real estate which was alleged to be "unlawfully detained." On appeal to the Court of Common Pleas, pending a motion

to dismiss for want of jurisdiction in the justice of the cause of action, the plaintiff asked leave to amend the complaint, by inserting after "unlawfully," the words "forcibly and with strong hand."

*Held*, that the objection to the jurisdiction of the justice was not waived by the failure to make the objection sooner.

*Held*, also, that as the justice had no jurisdiction of the cause of action made by the complaint, his proceedings were a nullity, and there was nothing to amend in the Common Pleas.

*Held*, also, that the original cause of action cannot, as a matter of right, be changed by amendment into another cause of action.

APPEAL from the *Morgan* Common Pleas.

RAY, J.—The appellant brought this action before a justice of the peace, to recover the possession of real estate which it was alleged the appellee unlawfully detained.

Upon an appeal to the Court of Common Pleas, the appellee moved to dismiss the action, on the ground that the justice had no jurisdiction of the cause of action set out in the complaint. Pending the decision of this motion, the appellant asked leave to amend, by inserting after the word "unlawfully" in the complaint, the words "and forcibly and with strong hand." The court refused to permit the amendment, and sustained the motion to dismiss the action. From these rulings the appeal is taken.

The suit as it stood, under our former practice, would have been known as an action in ejectment, and upon its face was without the jurisdiction of the justice. 2 R. S. 1852, § 12, p. 492; *Short* v. *Bridwell*, 15 Ind. 211; *O'Connell* v. *Gillespie*, 17 Ind. 459.

But it is insisted that the objection to the jurisdiction, not having been made before the justice, could not be heard in the Common Pleas Court. The statute, however, provides that the objection to the jurisdiction of the court over the subject of the action shall not be deemed to be waived. 2 G. & H., § 54, p. 81.

Should the court have allowed the amendment? The justice not having jurisdiction of the subject of the action, his entire proceedings were absolutely void. The permis-

sion to make the amendment to the complaint requested by the appellant, would have resulted in requiring the appellee to answer in the Common Pleas Court to an entirely different cause of action from that he was summoned to defend before the justice. After conducting the appellee through the forms of a trial, in a court which had no jurisdiction over the action, and whose every act was void, it was sought in the Court of Common Pleas, which had only been reached through these void acts, to give full force and effect to them by a simple amendment of the complaint. The ruling in the case of *Perkins* v. *Smith,* 4 Blackf. 299, to which we have been cited, does not conflict with the decision of the Common Pleas Court in this case. In that case it was held that the jurisdiction of the justice need not be affirmatively shown by the complaint, and the plaintiff was permitted to amend the affidavit in an action of replevin, because as the court say, "omissions like these, which prove nothing with regard to the jurisdiction of the justice, are very different from a statement in a cause of action which shows that he had no jurisdiction. In such a case, doubtless, his proceedings would be *coram non judice,* and void. Such a suit should be dismissed the moment the objection presents itself to the justice or to the Circuit Court." This language is used in discussing what amendments may be made in the Circuit Court to a complaint in a suit commenced before a justice of the peace, and clearly indicates that in a case like the one we are now considering,. where the want of jurisdiction appears affirmatively upon the face of the papers, that "the suit should be dismissed at once, the moment the objection presents itself."

The complaint in the case of *Sturgen* v. *Hitchens,* 22 Ind. 107, was somewhat like the one now before us, but the court there say, that "no objection by motion or demurrer was made to the complaint, and perhaps it may be held sufficient after verdict, but we decide nothing as to this." It is not to be expected where a court expressly declines to

decide a point in a given case, that that case will be relied upon as authority on that very point.

Our statute is liberal in regard to amendments, but an amendment necessarily pre-supposes something, however defective, to be amended, but in the present case the cause of action, being without the jurisdiction of the justice, does not constitute a defective complaint, but is simply a nullity, and that cannot be amended. On the subject of amendments, we are prepared to rule, at least, that the original action cannot, as a matter of right, be changed by amendment into another cause of action. The form of the action may be changed, but here it was sought by amendment to change a cause of action over which the justice had no jurisdiction into one over which he had jurisdiction. We will not reverse a case on account of the refusal to permit such an amendment.

The judgment is affirmed, with costs.

*Harrison* and *Shirley*, for appellant.

*S. McNutt* and *A. Ennis*, for appellee.