## JOLLY *v.* GHERING.

PLEADING.—*Real Estate, Recovery of.—Description.—Uncertainty.*—In a complaint to recover the possession of real estate, the land was described as " part of the south-west quarter of section ——, township nineteen, range four west, containing one hundred and fourteen and sixty-five hundredths acres."
*Held,* that the description was uncertain.

JUSTICE OF THE PEACE.—*Jurisdiction.*—To give a justice of the peace jurisdiction in an action to recover the possession of real estate, the land must lie in the county where the action is brought; and the evidence must show that the land is situated in such county.

SAME.—*Presumption.*—Courts of justices of the peace are courts of limited jurisdiction, and presumptions are not indulged in favor of the jurisdiction of such courts, as they are, in some cases, in favor of courts of general jurisdiction.

SAME.—*Appeal.*—If a justice of the peace has no jurisdiction, an appellate court to which a cause is appealed from the justice of the peace has no jurisdiction.

APPEAL from the Montgomery Circuit Court.

WORDEN, J.—This was an action commenced before a justice of the peace, by the appellee, as landlord, against the appellant, as tenant, to recover possession of certain premises alleged to have been unlawfully held over by the defendant, and damages for the unlawful holding over.

The cause was appealed to the circuit court, where it was tried by the court and resulted in a finding and judgment for the plaintiff for fifty dollars damages, but no judgment was rendered for the recovery of the property. This, we

suppose, was in consequence of the fact, as was shown by the evidence, that before the final trial, the defendant had "moved off the place." At the proper time, the defendant moved for a new trial, on the ground that the finding was not sustained by the evidence; but his motion was overruled, and he excepted.

The evidence is all in the record. The appellant makes two points, in respect to which he claims that the evidence was not sufficient to sustain the finding; first, that he was entitled to notice to quit before his tenancy could be terminated; and, second, that the evidence failed to show that the premises were situate in Montgomery county, and therefore that the justice had no jurisdiction of the cause.

The first point is involved in some obscurity, owing to vagueness in the evidence, and we pass it, as we think the second objection is well taken.

The complaint itself is quite uncertain in its description of the land, though it is sufficiently alleged to be in Montgomery county. It describes the land, having alleged its situation in said county, as "part of the south-west quarter of section —, township nineteen, range four west, containing one hundred and fourteen and sixty-five hundredths acres." Here is not only an uncertainty as to what part of the quarter section was in controversy, but the section itself is entirely omitted, as the transcript comes up to us. A judgment founded on such a complaint would hardly authorize the issuing of a writ which would justify the officer in putting the plaintiff in possession of any particular property.

The evidence is more indefinite, for it does not show the lands to have been situate in Montgomery county. The plaintiff was sworn as a witness, and he testified as follows: "I am plaintiff in this cause. I rented the farm to defendant in July or August, 1868," etc.

This statement of the plaintiff embraces all the evidence given in the cause as to the description of the land, or the

county in which it was situate. The plaintiff, it will be seen, does not say even that he rented the land described, or attempted to be described, in the complaint. There was, indeed, no land described in the complaint. He says he rented the farm to the defendant. This does not prove that he rented to the defendant a farm situate in Montgomery county.

The statute provides, "that whenever, in pursuance of legal notice, or otherwise, any landlord or his legal representative shall be entitled to possession of lands, he may, by himself or his agent, have any tenant who shall unlawfully hold over, removed from such lands, on complaint before a justice of the peace of the county in which such lands lie, specifying the matters relied on to justify such removal, and the damages claimed for detention, describing the premises with reasonable certainty." 2 G. & H. 630, sec. 1.

Under this statute, it is clear that, to give the justice jurisdiction, the land must lie in the county in which the action is brought; and if the proof fail to establish that fact, it fails to establish a fact on which his jurisdiction depends. Courts of justices of the peace are courts of limited jurisdiction, and presumptions are not indulged in favor of the jurisdiction of such courts, as they are, in some cases, in favor of courts of general jurisdiction. If the justice had no jurisdiction, the circuit court could have none on appeal from the decision of the justice.

We are of opinion that the case was not made out in the proof, for the want of evidence showing, or from which it might be inferred, that the land in controversy was situate in Montgomery county. The case cannot be distinguished in principle from those of *The Indianapolis, etc., Railroad Co. v. Renner*, 17 Ind. 135, and *The Indianapolis, etc., Railroad Co. v. Wilsey*, 20 Ind. 229.

The fact that judgment was rendered for the damages only, and not for the recovery of the property, can make no difference, as the damages were dependent upon the unlawful holding over of the property. Unless there was an un-

lawful holding over, there could be no recovery of damages; and unless the land lay in the county, the justice could not try the question of holding over.

The judgment below is reversed, with costs, and the cause remanded for a new trial.

*T. Patterson* and *J. M. Cowan,* for appellant.