Burgett *v.* Bothwell.

### ON PETITION FOR A REHEARING.

---

No. 9556.

### BURGETT *v.* BOTHWELL.

JUSTICE OF THE PEACE.—*Jurisdiction.*—*Recovery of Real Estate.*—Justices of the peace have no jurisdiction to hear and determine an action for the recovery of real estate, unless the relation of landlord and tenant exists between the parties, or unless possession has been unlawfully and forcibly taken, or the real estate unlawfully or forcibly detained.

SAME.—*Complaint.*—*Arrest of Judgment.*—*Practice.*—Where, in an action for the recovery of real estate, commenced before a justice of the peace, the

complaint does not aver that the relation of landlord and tenant exists, or that possession of the property was unlawfully and forcibly taken, or was unlawfully and forcibly detained, it is insufficient on a motion in arrest of judgment on appeal in the circuit court.

SUPREME COURT.—*Rehearing.*—*Transcript.*—A rehearing will not be granted to enable a party to obtain a corrected transcript.

SAME.—The Supreme Court will not decide questions not arising in the record.

From the Morgan Circuit Court.

*J. H. Jordan,* for appellant.

*W. R. Harrison* and *W. S. Shirley,* for appellee.

BEST, C.—The appellee brought this action against the appellant, before a justice of the peace, to recover the possession of certain real estate. The complaint, omitting the formal parts, was as follows: " The plaintiff complains of the defendant, and says, that on the — day of ———, 1877, the defendant peaceably entered into the possession of the following real estate, in the town of Martinsville, in the county of Morgan, and State of Indiana, to wit: The E. ½ of the W. ½ of lot 1, in block No. 19, in the original plat of said town; and that plaintiff has been and now is entitled to the possession of said ground and tract of land and buildings situated thereon, and has been since the 1st day of February, 1880, and the 1st day of January, 1881; that the defendant unlawfully kept, and still keeps, plaintiff out of the possession thereof, and thereby plaintiff has sustained damages in the sum of $100. Wherefore," etc.

The cause was tried before the justice, appealed to the circuit court, and there tried, and, over motions for a new trial and in arrest of judgment, final judgment was rendered for the appellee.

The errors assigned are, that the court erred in overruling the motion in arrest of judgment, in overruling the motion for a new trial, and that the complaint does not state facts sufficient to constitute a cause of action.

Burgett v. Bothwell.

The motion in arrest calls in question the sufficiency of the complaint.

Justices of the peace have no jurisdiction to hear and determine an action for the recovery of real estate, as a general rule. This belongs to the circuit court. They have, however, where the relation of landlord and tenant exists between the parties, or where possession has been unlawfully and forcibly taken, or is unlawfully and forcibly detained. 2 R. S. 1876, pp. 662, 665, sections 1 and 12.

Section 1 provides, "That whenever, in pursuance of legal notice, or otherwise, any landlord or his legal representative shall be entitled to the possession of lands, he may, by himself or his agent, have any tenant who shall unlawfully hold over, removed from such lands on complaint before a justice of the peace of the county in which such lands lie," etc.

The complaint utterly fails to show that the relation of landlord and tenant existed between these parties, and, therefore, the case made is not within this section of the statute.

Section 12 provides, that "Any person who shall make unlawful or forcible entry into lands, and shall either peaceably or forcibly detain the same against any person having right to possession thereof, or any person having peaceably obtained the possession of lands, who shall unlawfully and forcibly keep the same, against any person having right to possession thereof, may be ousted from such premises, * * * in the same manner as provided in the case of tenants holding over."

The word "or," in the first sentence of this section, is used in the sense of "and." O'Connell v. Gillespie, 17 Ind. 459. And, when thus understood, the section confers jurisdiction in such actions in two cases: the first, where possession has been unlawfully and forcibly taken, and the second, where possession has been peaceably taken, but is unlawfully and forcibly kept from the person entitled to it. The complaint avers that possession was peaceably taken, and, therefore, the case is not within the first provision of the statute, and it is not within

the second because it is not averred that possession was unlawfully and forcibly kept. The language of the complaint is that the defendant " unlawfully " keeps possession, but the statute does not confer jurisdiction where possession is merely unlawfully kept; it must also be forcibly kept. In *Kiphart* v. *Brennemen,* 25 Ind. 152, this court held that where the complaint merely averred that the defendant " unlawfully " kept possession, the justice of the peace had no jurisdiction of the action, and the circuit court properly refused the plaintiff leave to amend the complaint by inserting after the word " unlawfully " the words " and forcibly and with strong hand," because the justice had no jurisdiction. This case is decisive of the question here presented.

The case, as made by the complaint, was not within the jurisdiction of the justice. *Short* v. *Bridwell,* 15 Ind. 211 ; *O'Connell* v. *Gillespie,* 17 Ind. 459 ; *Kiphart* v. *Brennemen,* 25 Ind. 152.

Nor will the complaint be deemed sufficient after verdict. Many defective averments are cured by the verdict, but there are no defective averments in this complaint. The complaint stated a good cause of action, but not one over which the court had jurisdiction. It was decided in *Kiphart* v. *Brennemen, supra,* that such complaint is not defective and can not be amended so as to change the cause of action into one over which the justice has jurisdiction. If such complaint can not be amended in this respect, the same change can not be effected by the verdict. As the jurisdiction of a justice of the peace is limited in actions to recover the possession of real property, the complaint must contain an averment either that the relation of landlord and tenant exists, or that possession has been unlawfully and forcibly taken, or is unlawfully and forcibly kept; otherwise the complaint will be bad on motion in arrest. This complaint contained neither of these averments, and was, therefore, insufficient on motion in arrest of judgment.

The conclusion we have reached upon this assignment ren-

ders it unnecessary to examine the others. For the error in overruling the motion in arrest the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby reversed in all things, at the appellee's costs, with instructions to sustain the motion in arrest of judgment.

### ON PETITION FOR A REHEARING.

BEST, C.—The appellee concedes that this case was correctly decided upon the transcript on which it was submitted, but says that the clerk omitted, by mistake, to copy an averment in the complaint that the possession of the property was "forcibly" detained, and now asks a rehearing to supply this omission. It has several times been decided by this court that a rehearing will not be granted for such purpose. The brief of appellant, filed on January 13th, 1882, distinctly pointed out this objection to the complaint, and as the case was not decided for nearly nine months thereafter, it would seem that the appellee had abundant time within which to make his application for a *certiorari* to procure a correct transcript; besides, if the correction was made, it would not prevent a reversal of the judgment, as there was no evidence whatever that the possession of the premises in dispute was unlawfully and forcibly detained. The evidence tended to show a tenancy between the parties, and the appellee asks us to determine on this petition whether this tenancy was at will, from month to month, or from year to year, and whether a notice offered in evidence was sufficient to terminate such tenancy. No such relation was alleged in the complaint, and, therefore, these questions do not properly arise in the record. The petition should be overruled.

PER CURIAM.—The petition is overruled.