Filed June 11, 1891.

---

. No. 192.

## Goodwine et al. *v.* Barnett.

JUSTICE OF THE PEACE.—*Jurisdiction.—Landlord and Tenant.—Leased Premises.—Action by Tenant to Recover Possession.—Circuit Court Has Exclusive Jurisdiction.*—Justices of the peace have no authority to hear and determine suits brought by tenants against a landlord, or any one else, to recover the possession of premises under a lease.    A leasehold constitutes a "valid subsisting interest in real property," within the meaning of section 1050, R. S. 1881, and all actions for the recovery thereof belong exclusively to the circuit court.    Where the possession of the premises is the real thing in controversy, and the claim for damages is purely incidental, the subject-matter of the action is wholly without the jurisdiction of the justice, and his acts respecting it are void.

SAME.—*Appeal From.— When Can Not Confer Jurisdiction.*—Where a justice of the peace has no authority to try a case, an appeal from his judgment can confer no jurisdiction upon the circuit court.

SAME.—*Absence of Jurisdiction.—Appeal to Circuit Court.—Amendment of Pleadings.— When Jurisdiction Can Not be Acquired Thereby.*—Where a case which a justice of the peace had no authority to try is appealed to the

circuit court, the latter court can not acquire jurisdiction by permitting the pleadings to be amended in the absence of one of the parties, and without his consent. A party is not required to attend court to protest against unauthorized acts, and his absence can not be construed as consenting thereto.

JURISDICTION.—*Absence of.—Amendment of Pleadings.*—The exercise of jurisdiction is necessarily involved in settling issues and permitting amendments to pleadings in pending suits, and a court which has no jurisdiction to hear and determine the subject-matter of an action is, as a rule, utterly destitute of power to settle issues or permit amendments to the pleadings in such action.

From the Benton Circuit Court.

*J. T. Brown, E. G. Hall* and *W. L. Rabourn,* for appellants.

*M. H. Walker* and *G. H. Gray,* for appellee.

CRUMPACKER, J.—This action was commenced before a justice of the peace, by Milford Barnett against Elizabeth Goodwine and her husband, to recover the possession of certain real estate in Benton county, and damages for its unlawful detention.

The complaint upon which the cause was tried before the justice was as follows:

" Plaintiff complains of the defendants and says that on the 22d day of April, 1889, he leased of said defendants, for the term of one year, with the privilege of three years, from the 1st day of May, 1889, the following described property, to wit: The south half of lots numbered twenty-three (23) and twenty-four (24), in the town of Ambia, in said Benton county, Indiana; that on said 1st day of May, 1889, this plaintiff demanded possession of said property, and at the same time tendered to said defendants the amount of money due for the use of said premises, according to the terms of said lease, being filed herewith, marked 'A,' and made part hereof; that ever since the 1st day of May, 1889, this plaintiff has been, and now is, entitled to the possession of said premises; that said defendants unlawfully and without right

VOL. 2.—2

hold possession of said premises against this plaintiff; that the plaintiff has sustained damages by reason of said unlawful detention of said premises by said defendants in the sum of one hundred and fifty dollars. Wherefore plaintiff demands judgment for the possession of said premises and one hundred and fifty dollars damages." A copy of the lease described in the complaint was filed with it.

The defendants moved before the justice to dismiss the case for want of jurisdiction of the subject-matter, which motion was overruled, and the cause was tried and resulted in a verdict and judgment in favor of the plaintiff for the possession of the premises, and thirteen dollars damages for the unlawful detention thereof.

An appeal was taken by the defendants to the Benton Circuit Court, and on the 2d day of the August term, 1889, of that court, the parties appeared and the cause was set down for trial on the day following. On the day set for trial in the circuit court, the defendants failed to appear, either in person or by attorney, and in their absence, the plaintiff, by leave of court, filed an additional paragraph of complaint, which is as follows:

"Plaintiff complains of defendants and says that on the 1st day of April, 1889, the defendants entered upon and took possession of the following real estate in Benton county, and State of Indiana, to wit: The south half of lots numbered twenty-three (23) and twenty-four (24), in the town of Ambia, in said county and State aforesaid; that since the 22d day of April, 1889, plaintiff has been, and is now, lawfully entitled to the possession thereof; that on the 22d day of April, 1889, the defendants forcibly and unlawfully, and with strong hand, kept the plaintiff out of possession of said lands, and has ever since, and does now, unlawfully, forcibly and with strong hand, keep and hold possession thereof and exclude the plaintiff therefrom. Whereby plaintiff has been damaged in the sum of one hundred and fifty

dollars, for which he asks judgment and for the possession of said premises."

At once, upon the filing of this paragraph of complaint, the defendants were each called and defaulted, and the cause was submitted to the court for finding and judgment. The court found for the plaintiff upon the new paragraph of complaint and gave him judgment for the possession of the property and one hundred and twenty-five dollars damages for the detention thereof and all his costs. On the following day the defendants made an ineffectual application to set aside the default and judgment. They also moved for a new trial, which was denied, and they appealed to this court.

The only assignment of error we need notice relates to the jurisdiction of the court over the subject-matter of the action, as we deem this the controlling question.

It is well settled by the rules of practice in this State that upon appeal from the judgment of a justice of the peace to the circuit court, the cause is tried *de novo* upon the issues made below, and the justice practice applies upon the trial of such appeals, and the jurisdiction of the circuit court is circumscribed therein by the limitations upon the powers of the justice.

The first question to be determined is, did the justice have authority to hear and determine the cause of action stated in the original complaint?

Justices of the peace are inferior courts of statutory powers, and no presumptions can be invoked in support of their judgments upon questions relating to their jurisdiction. After jurisdiction has been acquired, however, the same presumptions will ordinarily be indulged in favor of the regularity of all subsequent proceedings as in courts of general jurisdiction.

The only authority conferred upon justices to try actions for the recovery of possession of real estate is contained in sections 5225 and 5237, R. S. 1881. The latter section relates to the forcible entry and detainer of lands, and it is not

claimed by counsel for appellee that the original complaint was based upon that section.

In discussing the jurisdiction of justices under section 5225, *supra,* it is frequently stated by the courts that justices have power to try all actions for possession between parties, where the relation of landlord and tenant exists, but this is only a partial statement of the law. The jurisdiction of justices under that section is confined to actions by the landlord against the tenant who holds over.

Justices have no authority to hear and determine suits brought by tenants against a landlord, or any one else, to recover the possession of premises under a lease. A leasehold constitutes a " valid subsisting interest in real property " within the meaning of section 1050 of the code of 1881, and all actions for the recovery thereof belong exclusively to the circuit court. Thus it was said in *Campbell* v. *Hunt,* 104 Ind. 210: " The right to possession conferred by a lease is as effectual to support an action under that section (1050) as if conferred by title in fee simple." In the same case it was held that a new trial, as of right, was allowable in such actions.

But it is argued on behalf of the appellee that if any part of the subject-matter of an action is within the jurisdiction of the justice that part may be rightfully determined, and upon this theory it is claimed that the averments in the complaint for the recovery of the realty should be regarded as surplusage, and the action treated as one for the recovery of damages for the breach of covenants implied in the lease, and the jurisdiction of the justice thus upheld.

The complaint is susceptible of no such construction. Its theory is obviously for the recovery of the premises, and this is utterly inconsistent with an action for damages for the breach of a covenant to put the appellee in possession, because the latter would be predicated upon a rescission of the contract and an abandonment of the right to its specific enforcement.

The possession of the premises is the real thing in controversy, and the claim for damages for detention is purely incidental.

There is no escape from the conclusion that the subject-matter of the original action was wholly without the jurisdiction of the justice, and all of his acts respecting it were *coram non judice* and void.

Where the justice has no authority to try a case, an appeal from his judgment can confer no jurisdiction upon the circuit court. *Horton* v. *Sawyer*, 59 Ind. 587; *Mays* v. *Dooley*, 59 Ind. 287; *Pritchard* v. *Bartholomew*, 45 Ind. 219; *Jolly* v. *Ghering*, 40 Ind. 139; *Kiphart* v. *Brennemen*, 25 Ind. 152.

The next question is, did the circuit court have the power to so amend the issues as to bring the subject-matter of the action within the jurisdiction of the justice, and thereby acquire the right to hear and determine the case?

Jurisdiction is the power conferred upon a tribunal by law to hear and determine the subject-matter of the controversy, and all matters preliminary, incidental and collateral thereto. The exercise of jurisdiction is necessarily involved in settling issues, and permitting amendments to pleadings in pending suits, and a court which has no jurisdiction to hear and determine the subject-matter of an action is, as a rule, utterly destitute of power to settle issues or permit amendments to the pleadings in such action.

We can not adopt a rule so palpably illogical and at war with itself as to hold that a court or tribunal which has no jurisdiction of an action or proceeding may act in relation to it in such a manner as to acquire jurisdiction.

It was said by the court in *Kiphart* v. *Brennemen, supra:* " Our statute is liberal in regard to amendments, but an amendment necessarily pre-supposes something, however defective, to be amended, but in the present case the cause of action, being without the jurisdiction of the justice, does not constitute a defective complaint, but is simply a nullity, and that can not be amended."

We agree with counsel for appellee in the proposition that upon appeal from the judgment of a justice if the cause of action be changed by amendment and so enlarged as to exceed the jurisdiction of a justice, without objection, and the parties proceed to the trial of the issues thus changed, in the circuit court without objection, they will be presumed to have waived the objection and will not be permitted to take advantage of it on appeal in this court. This was the effect of the decision in *Jackson* v. *Swope,* 49 Ind. 388. This rule is limited in its operation, however, to actions of which the circuit court would have had original jurisdiction had they been brought therein, for it is irrevocably settled that the lawful powers of a tribunal can not be enlarged by agreement of parties. But no such question is presented in the case at bar.

The appellants were not in court at the time the new cause of action was filed and judgment was taken against them by default. The waiver of the right to object to an amendment is based upon an assent to it, either express or implied, and there can be no assent to an act under these circumstances without a knowledge of it. Appellants were not required to attend court to protest against unauthorized acts, and their absence could not be construed as consenting thereto.

Our conclusion is that the circuit court had no jurisdiction of the action.

The judgment is reversed, at the costs of the appellee, with instructions to the trial court to dismiss the action.

Filed June 10, 1891.