No. 718.

### BENSCH *v.* FARNSWORTH.

JUSTICE OF THE PEACE.—*Amendment of Complaint so as to Give the Justice Jurisdiction.— Cases Distinguished.*—A plaintiff in an action before a justice of the peace may, by leave of the court, amend his complaint so as to bring the amount within the justice's jurisdiction. *Kiphart* v. *Brennemen*, 25 Ind. 152, *Goodwine* v. *Barnett*, 2 Ind. App. 16, and *Caffrey* v. *Dudgeon*, 38 Ind. 512, distinguished.

EVIDENCE.— *Documents.— Admissibility.—Appellate Court Practice.— Question, How Presented.*—Before the appellate tribunal can pass upon the admissibility of documentary evidence, such evidence must be brought before such tribunal; nor can the statement of counsel, made to the court at the time of offering the evidence, supply the lack of the papers themselves.

Opinion on petition for rehearing by GAVIN, J.

From the Lake Circuit Court.

*P. Crumpacker*, for appellant.

*E. A. Rosenthal, C. H. Worden, J. Morris, G. W. Galvin* and *W. A. Reading*, for appellee.

GAVIN, C. J.—Appellee brought suit in replevin before a justice of the peace.

In his complaint he alleged the value of the property to be $200, and claimed $50 damages in addition, making the entire amount involved, therefore, $250, which was conceded to be in excess of the amount over which a justice has jurisdiction.

Before the trial in the justice's court, appellee, by leave of court, amended his complaint so as to omit the claim for damages and bring the amount within the justice's jurisdiction. In this there was no error. It accords with the liberal spirit of our code to permit such an amendment rather than to dismiss the cause and require the plaintiff to refile his complaint.

By this amendment the character of the action was in no manner changed, but the amount in controversy simply reduced. The action of the court is in harmony with the decisions of our Supreme Court in *Brown* v. *Lewis*, 10 Ind. 232, and *Harvey* v. *Ferguson*, 10 Ind. 393.

We do not believe these cases were overruled by the case of *Kiphart* v. *Brennemen*, 25 Ind. 152, where the court held that after a complaint had been filed before the justice as a complaint in ejectment, the cause tried and appealed to the circuit court, the plaintiff could not then claim the right to amend his complaint so as to make it for forcible entry and detainer, and thus bring it within the jurisdiction of the justice.

Here the amendment was made in the justice's court, and not after the cause had passed from that court, as in the Kiphart case.

The only reason presented for a new trial is: "Error of law occurring at the trial, and excepted to by said defendants, in this: That the court refused to permit the defendants, and each of them, to introduce in evidence the papers, proceedings, and judgment in the case of

Beusch v. Farnsworth, and to prove in connection therewith in response to proper questions, that the plaintiff herein had actually litigated with the defendant Bensch in said action as to the title and possession of the identical property in suit."

The bill of exceptions does not purport to contain all the evidence, but simply a part thereof, it being the aim of the parties to present the question under section 630, R. S. 1881.

For this purpose, it is not necessary that all the evidence should be in the record, but it is necessary that "the evidence given or proposed touching the point in question should have been set out in the bill of exceptions." *Indiana, etc., R. W. Co.* v. *Adams*, 112 Ind. 302.

While this statute authorizes a party to bring a question before this court upon a part of the record only, it is, nevertheless, incumbent upon him to bring before this court, in proper manner, all that is necessary to make it affirmatively appear that there was error in the action of the court below. *Indiana, etc., R. W. Co.* v. *Adams, supra; Starry* v. *Winning*, 7 Ind. 311.

In *Shugart* v. *Miles*, 125 Ind. 445, where the question was presented in the same manner as here, it is said that the record must be so made up as to "make it affirmatively appear that the rulings were harmful to appellant."

Any question of error in the action of the court in excluding the evidence offered, manifestly hinges upon the contents of the papers and records excluded. Without a knowledge of their contents this court can not determine their materiality and competency, nor the materiality and competency of the oral evidence offered in connection with them. These documents and records have not been brought before us by the bill of exceptions.

The statements of counsel made to the court at the

time of offering the evidence can not supply the lack of the papers themselves. A statement of what it is expected to prove by a witness on the stand is, of course, a sufficient offer, but this rule does not hold good as to documentary evidence.

The trial court inspects and determines the admissibility of documentary evidence, from the contents of the papers, which speak for themselves. *Gould* v. *Weed,* 12 Wend. 12; *Scripps* v. *Reilly,* 38 Mich. 10.

The rule that the documentary evidence offered must be brought before us, in order to render any question as to its exclusion available, is not a new one, and is directly supported by authority.

"Where a document is offered and excluded, it must be brought into the record in order that the court, on appeal, may determine its competency." Elliott's App. Proced., section 748; *Williams* v. *State,* 127 Ind. 471; *Nudd* v. *Holloway,* 43 Ind. 366.

Some questions of practice have been presented which it is unnecessary that we should consider or determine in view of the conclusion reached above.

The judgment is affirmed, with costs.

Filed Sept. 21, 1893.

## On Petition for a Rehearing.

Gavin, J.—The appellant has filed a petition for rehearing, in which it is argued that the error of the court below consisted in sustaining the objection to a single question asked of a witness on the stand, to show that in the former suit appellee asserted and litigated his claim to the property, and that to make this parol evidence admissible the documentary evidence was unnecessary.

A reference to the record and to the grounds for new trial, as set out in the original opinion, will show that this ruling was not assailed in the motion for new trial.

except as an incident to, and in connection with, the offer to introduce the record and documentary evidence, without which the oral evidence referred to would have been valueless.

It has been further very earnestly argued by other counsel, that this court erred in holding that the complaint in this case was amendable in the justice's court. Stress is laid upon the language used in *Kiphart* v. *Brennemen*, 25 Ind. 152, and it is urgently insisted that there is no foundation for the distinction made in the original opinion between that case and the cases in 10th Indiana.

A further consideration of the case convinces us that the proposition that the amendment was properly allowed is supported both by sound reason and good authority.

In *Converse* v. *Damariscotta Bank*, 15 Me. 431, this practice was approved. The court says: "As the writ originally stood it would not justify the service, but by amending so as to reduce the *ad damnum* below $100, the service might be justified, and we are of opinion the judge might allow that amendment."

In *Hart* v. *Waitt*, 3 Allen, 532, the precise question here presented is decided in harmony with our own holding, after quite a full consideration and discussion. In that State, also, is made the very same distinction upon which we have relied, that which permits the amendment to be made in the justice's court, but does not authorize it to be made on appeal, after a trial upon a complaint which was, by reason of the amount involved, beyond the jurisdiction of the justice. *Ladd* v. *Kimball*, 12 Gray, 139; *McQuade* v. *O'Neil*, 15 Gray, 52.

It is true that in several of the cases relied on by counsel, *e. g.*, *Kiphart* v. *Brennemen, supra; Goodwine* v. *Barnett*, 2 Ind. App. 16; *Caffrey* v. *Dudgeon*, 38 Ind. 512, there are some very strong expressions as to the entire

nullity of the proceedings before the justice. The reasoning in these cases, however, must be limited to the propositions under actual consideration. The first two cases named are, in our judgment, readily and clearly distinguishable because of the amendments being proposed, not in the original trial court, but in the circuit court on appeal. In the latter case there was no attempt at amendment, but the court holds void and unenforceable a bond executed by the plaintiff in a replevin suit commenced before a justice where the value of the property was beyond the amount of his jurisdiction. Whether the precise question in issue was there rightly decided, we are not called upon to determine, although it is opposed to the reasoning and to some of the authorities cited in *Sammons* v. *Newman*, 27 Ind. 508; *Harbaugh* v. *Albertson*, 102 Ind. 69, and *Robertson* v. *Smith*, 129 Ind. 422, and, also, *Fahnestock* v. *Gilham*, 77 Ill. 637, which cases are, however, in their facts plainly distinguishable from *Caffrey* v. *Dudgeon.*

Be this as it may, we are not disposed to extend the principle announced in that case to this, but are satisfied to follow as to the case at bar the earlier decisions of our Supreme Court, sustained, as they are, by those of Maine and Massachusetts.

We may add that the proposition that the claim for damages took the case out of the jurisdiction of the justice, has been practically conceded by counsel, and was not decided by us.

Upon this question there is possibly room for two opinions. *Middleton* v. *Harris*, 6 Blackf. 397; *Deam* v. *Dawson*, 62 Ind. 22; *State, ex rel.,* v. *Forry*, 64 Ind. 260, which was, to a considerable extent, modified in *Grubaugh* v. *Jones, Admr.,* 78 Ind. 350, *Fawkner* v. *Baden*, 89 Ind. 587.

The petition for rehearing is, accordingly, overruled.
Filed April 20, 1894.