## DAVIS *v.* BICKEL ET AL.

[No. 3,155.    Filed October 12, 1900.]

COURTS. — *Justices of the Peace.* — *Jurisdiction.* — *Presumption.*—A justice of the peace court being of special limited jurisdiction no presumptions will be indulged as to its jurisdiction, but when it is made to appear that it has acquired jurisdiction the same presumptions are indulged in favor of its proceedings as of courts of general jurisdiction.  *pp. 379-382.*

GARNISHMENT.—*Action on Bond.*—*Validity of Proceeding.* —*Estoppel.*—Where a plaintiff instituted an action in garnishment before a justice of the peace, filed an affidavit and bond conditioned that he would prosecute his proceedings in garnishment to effect and pay all damages if such proceedings should be wrongful or oppressive, and procured the issuance of a writ of garnishment, he will be estopped from setting up the defense, in an action on the bond, that no affidavit in attachment was ever filed and the writ was improperly issued.  *pp. 382, 383.*

From the Marion Circuit Court.    *Reversed.*

Davis *v.* Bickel.

*J. R. Morgan, L. A. Morgan* and *C. E. Averill,* for appellant.

*J. A. Pritchard,* for appellees.

Robinson, C. J.—On May 10, 1897, appellee Bickel sued appellant before a justice upon a judgment previously rendered, and filed the affidavit provided for in §943 Burns Supp. 1897, and also filed his written undertaking, with his co-appellee as surety, conditioned that he would prosecute his proceedings in garnishment to effect and would pay appellant all damages he might sustain if such proceedings should be wrongful and oppressive; a writ of garnishment was issued and served, and under it money owing to appellant was held until the case was finally determined in appellant's favor. Appellant now sues upon the bond in garnishment.

Appellees answered in denial. Also a second paragraph of answer alleging that the affidavit in garnishment was the only affidavit ever filed in the cause in which the bond was given and that no affidavit in attachment was ever at any time filed. A demurrer to this paragraph was overruled. Appellant replied that appellee Bickel was estopped to question the validity of the bond in garnishment because as his own attorney he had represented to the justice that the affidavit was sufficient to authorize the issuing of the writ of garnishment, and from that fact the writ was issued. A demurrer to this reply was sustained.

The court of a justice of the peace is one of special limited jurisdiction. Although it is a court created by the Constitution, its powers and duties are prescribed by statute. No presumptions will be indulged that it has, in any case, acquired jurisdiction, but when it is made to appear that it has acquired jurisdiction the same presumptions are indulged in favor of its proceedings as in case of courts of general jurisdiction. *Bernhamer* v. *Hoffman,* 23 Ind. App. 34; *Wilkinson* v. *Moore,* 79 Ind. 397; *Smith* v. *Clausmeier,* 136 Ind. 105, 43 Am. St. 311.

As a justice has no civil jurisdiction at common law a bond taken by him can not be sustained as a common law obligation. It must be a valid bond under some statute or it will'be void.

In the case at bar the amount in controversy was within the jurisdiction of the justice, a summons was served on appellant and a writ of garnishment served on the garnishee defendant. Appellant appeared and resisted the garnishment proceedings and the garnishee was discharged. It thus appears that the justice had jurisdiction of the subject-matter of the action and of the person of appellant.

In *Pomeroy* v. *Beach,* 149 Ind. 511, it is held that the act of 1897 (Acts 1897, p. 233, §943 Burns Supp. 1897), is simply amendatory of the section of the code of civil procedure concerning proceedings in attachment and garnishment, and that under the amendatory act, as before the act of 1897, an affidavit in attachment must be filed, as well as an affidavit in garnishment, before the garnishee summons can issue.

In *Hart* v. *O'Rourke,* 151 Ind. 205, appellee had previously sued appellant before a justice of the peace and filed an affidavit and undertaking for a writ of garnishment against a railroad company. No affidavit in attachment was filed. A writ of garnishment was served on the garnishee, and a summons on appellant, who appeared and answered. The cause was tried and a judgment rendered against appellant and the garnishee directed to pay a named sum into court. Appellant sued to enjoin the enforcement of that part of the judgment against the garnishee on the ground that it was void. It was held that while the justice proceeded upon the erroneous theory that proceedings in garnishment might be commenced and prosecuted to judgment without an affidavit for attachment (*Pomeroy* v. *Beach,* 149 Ind. 511), yet the judgment against the garnishee was not void. The court said: "The justice had jurisdiction of the subject-matter of the action, and of the person of appellant

and the garnishee. The proceedings in garnishment were not the foundation of that action, but they were merely ancillary thereto. The judgment against the garnishee in that case, although erroneous, was not null and void." Citing *Earl* v. *Matheney,* 60 Ind. 202; *Williams* v. *Hitzie,* 83 Ind. 303; *Johnson* v. *Ramsay,* 91 Ind. 189; *Brown* v. *Goble,* 97 Ind. 86.

In the case of *Hart* v. *O'Rourke, supra,* a collateral attack was made on a judgment which was simply irregular. This irregularity arose from the issuing of a writ of garnishment without an affidavit in attachment having been filed. But the case expressly holds that the justice had jurisdiction of the person of the garnishee.

In *Sammons* v. *Newman,* 27 Ind. 508, a defense in an action on a replevin bond, that no suit was pending when the bond was executed because no writ of summons ever issued in the replevin suit, was held bad.

In *Caffrey* v. *Dudgeon,* 38 Ind. 512, 10 Am. Rep. 126, it is held that a replevin bond, approved by a justice in an action where the value of the property exceeds the jurisdiction of the justice, is void and no action can be maintained thereon. It is seen that in this case the justice had no jurisdiction of the subject-matter.

In *Butler* v. *Wadley,* 15 Ind. 502, an appeal bond, executed to procure an appeal to the circuit court from an award rendered against a canal company, was held to be not without consideration, although the award, from which the appeal was taken, was void. See *Sherry* v. *Foresman,* 6 Blackf. 56.

In *Sumpter* v. *Wilson,* 1 Ind. 144, in a suit on an attachment bond, a plea that the bond was not executed until after the issuing of the writ and for that reason the proceedings in the attachment suit were quashed, was held bad. See, also, *Speake* v. *United States,* 9 Cranch 28.

In *Earl* v. *Matheney,* 60 Ind. 202, it was held that a judgment against a garnishee served with process in a suit

against a debtor served with process and for a sum within the justice's jurisdiction, is not void, although no attachment proceedings were had against the debtor.

In *Harbaugh* v. *Albertson*, 102 Ind. 69, a plea by a surety in a suit on a replevin bond given in proceedings before a justice of the peace, that the justice was related within the prohibited degree to all the parties to the action, was held bad; the court holding that the surety, in equity and good conscience, ought to be estopped from setting up such facts after having, through the bond, enabled the principal, who had voluntarily submitted his person to the jurisdiction of the justice, to gain possession of the property.

In *Carver* v. *Carver*, 77 Ind. 498, a plea to an action upon a replevin bond given in proceedings before a justice, that the bond was void because the penalty was not double the value of the property sought to be recovered, was held bad. In that case the court said: "The principal obligor tendered the bond in suit to the justice as being such as the law required, and thus secured the writ which put him in possession of the personal property of another. The plainest principles of justice require that neither he nor his sureties should be permitted to defend against the bond upon the ground that a sufficient penalty was not provided. To permit such a defense would be to allow the party to take advantage of his own wrong in carelessly or purposely failing to file a sufficient bond. There can be no doubt that the case is one to which the doctrine of estoppel fully and justly applies." See *Trueblood* v. *Knox*, 73 Ind. 310.

In *Bernhamer* v. *Hoffman*, 23 Ind. App. 34, it is held that a suit may be maintained on an appeal bond although it affirmatively appears that the justice had no jurisdiction of the subject-matter of the original action. See also *Waddell* v. *Bradway*, 84 Ind. 537; Elliott's Gen. Prac. §267; *Robertson* v. *Smith*, 129 Ind. 422, 15 L. R. A. 273; *Cunningham* v. *Jacobs*, 120 Ind. 306.

In the case at bar the justice had jurisdiction of the

subject-matter and of the persons of the debtor and the garnishee. The garnishment was in no sense the foundation of the jurisdiction, but was merely ancillary to the main action and is a remedy given the creditor for the purpose of securing his demand. The garnishment bond served the purpose for which it was intended, and the judgment obtained through the proceedings, although irregular, was valid until directly assailed. The bond was executed and the writ of garnishment procured by appellee without the agency or consent of appellant, and had all the effect a valid bond could have. Appellee desired to arrest the payment of money to appellant by a third person, and, in order that he might do this, he voluntarily secured appellant. He accomplished that purpose and having done so he should not now be heard to repudiate the means by which he did accomplish it. He executed the bond in proceedings which he voluntarily instituted, and if, by means of the bond, loss or injury resulted to the obligee he is liable on the bond to the extent of the injury inflicted. The demurrer to the second paragraph of answer should have been sustained.

Judgment reversed, with instructions to sustain the demurrer to the second paragraph of answer.